IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Ceres Communications Technologies, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>8x8, Inc.;<br>AT&T Inc.;<br>Atlantic Broadband Finance, LLC;<br>Bright House Networks, LLC;<br>Cablevision Systems Corporation;<br>Charter Communications Holding Company, LLC;<br>Charter Communications, Inc.;<br>Comcast Corporation;<br>Cox Communications, Inc.;<br>CSC Holdings LLC;<br>Insight Communications Company, Inc.;<br>Knology, Inc.;<br>Mediacom Broadband LLC;<br>OfficeMax Incorporated;<br>RCN Corporation;<br>San Juan Cable LLC;<br>Skype Global S.à r.l.;<br>Skype Inc.;<br>Time Warner Cable Inc.;<br>Verizon Communications Inc.;<br>Vonage Holdings Corp.;<br>Vonage America Inc.; and<br>Vonage Marketing LLC,<br><br>    Defendants. | Civil Action No:<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

Plaintiff Ceres Communications Technologies, LLC ("Ceres") alleges as follows:

## PARTIES

1. Ceres is a Delaware limited liability company with a principal place of business at 2961 Fontenay Road, Shaker Heights, Ohio 44120.

2. On information and belief, defendant 8x8, Inc., is a Delaware corporation with a principal place of business at 810 West Maude Avenue, Sunnyvale, California 94085.

1

3. On information and belief, defendant AT&T Inc., is a Delaware corporation with a principal place of business at 208 South Akard Street, Dallas, Texas 75202.

4. On information and belief, defendant Atlantic Broadband Finance, LLC is a Delaware limited liability company with a principal place of business at 1 Batterymarch Park, Suite 405, Quincy, Massachusetts 02169.

5. On information and belief, defendant Bright House Networks, LLC is a Delaware limited liability company with a principal place of business at 5000 Campuswood Drive, East Syracuse, New York 13057.

6. On information and belief, defendant Cablevision Systems Corporation is a Delaware corporation with a principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714.

7. On information and belief, defendant Charter Communications Holding Company, LLC is a Delaware limited liability company with a principal place of business at 12405 Powerscourt Drive, St. Louis, Missouri 63131.

8. On information and belief, defendant Charter Communications, Inc. is a Delaware corporation with a principal place of business at 12405 Powerscourt Drive, St. Louis, Missouri 63131.

9. On information and belief, defendant Comcast Corporation is a Pennsylvania corporation with a principal place of business at One Comcast Center, Philadelphia, Pennsylvania 19103.

10. On information and belief, defendant Cox Communications, Inc. is a Delaware corporation with a principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319.

11. On information and belief, defendant CSC Holdings LLC is a Delaware limited liability company with a principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714.

12. On information and belief, defendant Insight Communications Company, Inc. is a Delaware corporation with a principal place of business at 810 7th Avenue, New York, New York 10019.

13. On information and belief, defendant Knology, Inc. is a Delaware corporation with a principal place of business at 1241 O.G. Skinner Drive, West Point, Georgia 31833.

14. On information and belief, defendant Mediacom Broadband LLC is a Delaware limited liability company with a principal place of business at 100 Crystal Run Road, Middletown, New York 10941.

15. On information and belief, defendant OfficeMax Incorporated is a Delaware corporation with a principal place of business at 263 Shuman Boulevard, Naperville, Illinois 60563.

16. On information and belief, defendant RCN Corporation is a Delaware corporation with a principal place of business at 196 Van Buren St, Herndon, Virginia 20170.

17. On information and belief, defendant San Juan Cable LLC is a Delaware limited liability company with a principal place of business at Urbanization Industrial Tres Monjitas, 1 Calle Manuel Camuñas, San Juan, Puerto Rico 00918-1485, and does business as OneLink Communications.

18. On information and belief, defendant Skype Global S.à r.l., is a Luxembourg limited liability company (société à responsabilité limitée) with a principal place of business at 22/24 Boulevard Royal, 6e étage, L-2449 Luxembourg.

19. On information and belief, defendant Skype Inc. is a Delaware corporation with a principal place of business at 160 Greentree Drive, Suite 101, Dover, Delaware 19904.

20. On information and belief, defendant Time Warner Cable Inc. is a Delaware corporation with a principal place of business at 60 Columbus Circle, New York, New York 10023.

21. On information and belief, defendant Verizon Communications Inc., is a Delaware corporation with a principal place of business at 140 West Street, New York, New York 10007.

22. On information and belief, defendant Vonage Holdings Corp. is a Delaware corporation with a principal place of business at 23 Main Street, Holmdel, New Jersey 07733.

23. On information and belief, defendant Vonage America Inc. is a Delaware corporation with a principal place of business at 23 Main Street, Holmdel, New Jersey 07733.

24. On information and belief, defendant Vonage Marketing LLC is a Delaware limited liability company with a principal place of business at 23 Main Street, Holmdel, New Jersey 07733.

## JURISDICTION AND VENUE

25. This action arises under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

26. Venue is proper in this district under 28 U.S.C. §§ 1391 (b)-(d) and 1400(b) because, on information and belief, each defendant is subject to personal jurisdiction in this district, has committed or induced acts of patent infringement in this district, or has a regular and established place of business in this district.

## COUNT I
### (Infringement of U.S. Patent No. 5,774,526)

27. Ceres is the owner by assignment of United States Patent No. 5,774,526 ("the '526 patent"), entitled "Reconfigurable On-Demand Telephone and Data Line System." The '526 patent issued on June 30, 1998. A true and correct copy of the '526 patent is attached hereto as Exhibit A.

28. On information and belief, defendant 8x8 has infringed, has contributed to the infringement of, or has induced the infringement of, one or more claims of the '526 patent, literally or under the doctrine of equivalents, by making, using, selling, offering to sell, or

importing products or services that provide communication using non-telephone wiring networks, including VoIP phones and service,[1] which allows users to place calls to telephones or to receive telephone calls to telephone numbers over the Internet.

29.     On information and belief, defendant AT&T has infringed, has contributed to the infringement of, or has induced the infringement of, one or more claims of the '526 patent, literally or under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products or services that provide communication using non-telephone wiring networks, including CallVantage, which allowed users to place calls to telephones or to receive telephone calls to telephone numbers over the Internet.

30.     On information and belief, defendant Atlantic Broadband has infringed, has contributed to the infringement of, or has induced the infringement of, one or more claims of the '526 patent, literally or under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products or services that provide communication using non-telephone wiring networks, including Atlantic Broadband Phone Service,[2] which allows users to place calls to telephones or to receive telephone calls to telephone numbers over Atlantic Broadband's cable network.

31.     On information and belief, defendant Bright House has infringed, has contributed to the infringement of, or has induced the infringement of, one or more claims of the '526 patent, literally or under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products or services that provide communication using non-telephone wiring networks, including Home Phone,[3] which allows users to place calls to telephones or to receive telephone calls to telephone numbers over Bright House's cable network.

32.     On information and belief, defendants Cablevision and CSC Holdings LLC have infringed, have contributed to the infringement of, or have induced the infringement of, one or more claims of the '526 patent, literally or under the doctrine of equivalents, by making, using,

---

[1] http://www.8x8.com/.
[2] http://www.atlanticbb.com/wfphone.asp?site=digital&page=22.
[3] http://www.brighthouse.com/corporate/shop/phone.

selling, offering to sell, or importing products or services that provide communication using non-telephone wiring networks, including Optimum Voice,[4] which allows users to place calls to telephones or to receive telephone calls to telephone numbers over Cablevision's and CSC's cable network.

33. On information and belief, defendants Charter Communications Holding Company and Charter Communications, Inc. (collectively, "Charter") have infringed, have contributed to the infringement of, or have induced the infringement of, one or more claims of the '526 patent, literally or under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products or services that provide communication using non-telephone wiring networks, including Charter Telephone,[5] which allows users to place calls to telephones or to receive telephone calls to telephone numbers over Charter's cable network.

34. On information and belief, defendant Comcast has infringed, has contributed to the infringement of, or has induced the infringement of, one or more claims of the '526 patent, literally or under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products or services that provide communication using non-telephone wiring networks, including Comcast Digital Voice,[6] which allows users to place calls to telephones or to receive telephone calls to telephone numbers over Comcast's cable network.

35. On information and belief, defendant Cox has infringed, has contributed to the infringement of, or has induced the infringement of, one or more claims of the '526 patent, literally or under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products or services that provide communication using non-telephone wiring networks, including Cox Digital Telephone,[7] which allows users to place calls to telephones or to receive telephone calls to telephone numbers over Cox's cable network.

---

[4] http://www.optimum.com/voice/features/index.jsp.
[5] http://www.charter.com/Visitors/Products.aspx?MenuItem=22.
[6] http://www.comcast.com/Corporate/Learn/DigitalVoice/digitalvoice.html.
[7] *E.g.*, http://ww2.cox.com/residential/neworleans/phone/phone-plans.cox.

36. On information and belief, defendant Insight has infringed, has contributed to the infringement of, or has induced the infringement of, one or more claims of the '526 patent, literally or under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products or services that provide communication using non-telephone wiring networks, including Insight Phone 2.0,[8] which allows users to place calls to telephones or to receive telephone calls to telephone numbers over Insight's cable network.

37. On information and belief, defendant Knology has infringed, has contributed to the infringement of, or has induced the infringement of, one or more claims of the '526 patent, literally or under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products or services that provide communication using non-telephone wiring networks, including Digital Phone,[9] which allows users to place calls to telephones or to receive telephone calls to telephone numbers over Knology's cable network.

38. On information and belief, defendant Mediacom has infringed, has contributed to the infringement of, or has induced the infringement of, one or more claims of the '526 patent, literally or under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products or services that provide communication using non-telephone wiring networks, including Mediacom Phone,[10] which allows users to place calls to telephones or to receive telephone calls to telephone numbers over Mediacom's cable network.

39. On information and belief, defendant OfficeMax has infringed, has contributed to the infringement of, or has induced the infringement of, one or more claims of the '526 patent, literally or under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products or services that provide communication using non-telephone wiring networks, including 8x8's VoIP phones and service,[11] which allows users to place calls to telephones or to receive telephone calls to telephone numbers over the Internet.

---

[8] http://www.myinsight.com/Product-Phone-Overview.asp.
[9] http://www.graceba.com/pages/res_phone_features.html.
[10] http://mediacomcable.com/phone.html.
[11] http://www.officemax.com/technology/phones-headsets/voip-phone-service.

40. On information and belief, defendant RCN has infringed, has contributed to the infringement of, or has induced the infringement of, one or more claims of the '526 patent, literally or under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products or services that provide communication using non-telephone wiring networks, including RCN's phone service,[12] which allows users to place calls to telephones or to receive telephone calls to telephone numbers over RCN's cable network.

41. On information and belief, defendant San Juan Cable has infringed, has contributed to the infringement of, or has induced the infringement of, one or more claims of the '526 patent, literally or under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products or services that provide communication using non-telephone wiring networks, including Digital Telephony,[13] which allows users to place calls to telephones or to receive telephone calls to telephone numbers over San Juan Cable's cable network.

42. On information and belief, defendant Skype Global has infringed, has contributed to the infringement of, or has induced the infringement of, one or more claims of the '526 patent, literally or under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products or services that provide communication using non-telephone wiring networks, including software and services named "Skype," "Skype In,"[14] "Skype Out,"[15] and "Skype to Go"[16] for computers or mobile phones, which allow users to place calls to telephones or to receive calls to telephone numbers over the Internet.

43. On information and belief, defendant Skype Inc. has infringed, has contributed to the infringement of, or has induced the infringement of, one or more claims of the '526 patent, literally or under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products or services that provide communication using non-telephone wiring

---

[12] http://www.rcn.com/dc-metro/phone.
[13] http://www.onelinkpr.com/?Lang=EN#/men/telephony/.
[14] http://www.skype.com/intl/en/features/allfeatures/online-number/.
[15] http://www.skype.com/intl/en-us/features/allfeatures/call-phones-and-mobiles/.
[16] http://www.skype.com/intl/en-us/features/allfeatures/skype-to-go-number/.

networks, including software and services named "Skype" and "Skype for Business"[17] for computers, which allow users to place calls to telephones or to receive calls to telephone numbers over the Internet.

44. On information and belief, defendant Time Warner Cable has infringed, has contributed to the infringement of, or has induced the infringement of, one or more claims of the '526 patent, literally or under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products or services that provide communication using non-telephone wiring networks, including Digital Home Phone,[18] which allows users to place calls to telephones or to receive telephone calls to telephone numbers over Time Warner Cable's cable network.

45. On information and belief, defendant Verizon has infringed, has contributed to the infringement of, or has induced the infringement of, one or more claims of the '526 patent, literally or under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products or services that provide communication using non-telephone wiring networks, including VoiceWing, which allowed users to place calls to telephones or to receive telephone calls to telephone numbers over the Internet.

46. On information and belief, defendants Vonage Holdings, Vonage America, and Vonage Marketing have infringed, have contributed to the infringement of, or have induced the infringement of, one or more claims of the '526 patent, literally or under the doctrine of equivalents, by making, using, selling, offering to sell, or importing products or services that provide communication using non-telephone wiring networks, including Vonage Phone service adapter devices[19] and Vonage Softphone service and software,[20] which allow users to place calls to telephones or to receive telephone calls to telephone numbers over the Internet.

47. On information and belief, each defendant's infringement of the '526 patent has been and continues to be willful.

---

[17] http://www.skype.com/intl/en/business/download/.
[18] *E.g.*, http://www.timewarnercable.com/centraltx/learn/phone/services.html.
[19] http://www.vonage.com/how_vonage_works/.
[20] http://www.vonage.com/features_available_options.php?feature=softphone&lid=feature_nav_softphone.

48.     As a result of each defendant's infringement of the '526 Patent, Ceres has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless each defendant's infringing activities are enjoined by this Court.

49.     Unless a permanent injunction is issued enjoining each defendant and its agents, servants, employees, attorneys, representatives, affiliates, and all others acting on its behalf from infringing the '526 patent, Ceres will suffer irreparable harm.

## PRAYER FOR RELIEF

Ceres pray for the following relief:

1.     A judgment that each defendant has infringed the '526 patent;

2.     A judgment that such infringement has been willful;

3.     A permanent injunction enjoining each defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with it from infringing, inducing the infringement of, or contributing to the infringement of the '526 patent;

4.     An accounting for damages arising from the infringement of the '526 patent by each defendant and all those in privity with it, including loss of market share;

5.     An award of damages proximately caused by each defendant's acts of infringement, at least under 35 U.S.C. § 284;

6.     An award to Ceres for enhanced damages equal to treble the amount of actual damages, for the willful nature of each defendant's acts of infringement, with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

7.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Ceres its reasonable attorneys' fees against each defendant;

8.     An award of pre-judgment and post-judgment interest against each defendant; and

9.     Any and all other relief to which Ceres may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Ceres demands a trial by jury on all issues so triable.

October 6, 2010

                        BAYARD, P.A.

                        /s/ Richard D. Kirk (rk0922)
                        Richard D. Kirk (rk0922)
                        Stephen B. Brauerman (sb4952)
                        222 Delaware Avenue, Suite 900
                        Wilmington, DE  19801
                        (302) 655-5000
                        rkirk@bayardlaw.com
                        sbrarueman@bayardlaw.com

                        Attorneys for Plaintiff
                        Ceres Communications Technologies, LLC

Of Counsel:

Marc A. Fenster
Bruce D. Kuyper
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025-1031
(310) 826-7474
mfenster@raklaw.com
bkuyper@raklaw.com