# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CERES COMMUNICATIONS TECHNOLOGIES, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 10-855-JCJ |
| 8x8, INC., et al., | ) ) | DEMAND FOR JURY TRIAL |
| Defendants. | ) ) ) | |

## **ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM**

Defendant RCN Corporation ("RCN") hereby submits its answer to Plaintiff Ceres Communications Technologies, LLC's ("Ceres") First Amended Complaint (the "Complaint"):

### **Parties**

1. RCN is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and therefore denies them.

2. RCN is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies them.

3. RCN is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies them.

4. RCN is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies them.

5. RCN is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies them.

6. RCN is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies them.

7. RCN is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies them.

8. RCN is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies them.

9. RCN is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies them.

10. RCN is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies them.

11. RCN is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies them.

12. RCN is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies them.

13. RCN is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies them.

14. RCN is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies them.

15. The allegations in Paragraph 15 are admitted.

16. RCN is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies them.

17. RCN is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies them.

18. RCN is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies them.

19. RCN is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies them.

20. RCN is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies them.

21. RCN is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies them.

22. RCN is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies them.

23. RCN is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies them.

## Jurisdiction and Venue

24. RCN admits the allegations in Paragraph 24. However, RCN denies the merits of the claims asserted against it.

25. In response to Paragraph 25, RCN admits that venue of this action is proper but denies having committed any wrongful acts upon which venue may allegedly be based. RCN further admits that this court has personal jurisdiction over RCN but denies that RCN has committed acts of infringement.

## Count I

### (Infringement of U.S. Patent No. 5,774,526)

26. In response to Paragraph 26, RCN admits that there is a copy of what Ceres purports to be the '526 patent attached as Exhibit A to the Compliant. RCN denies the remaining allegations in this Paragraph.

27. The allegations in Paragraph 27 are not directed at RCN and therefore no response is required. To the extent a response is required, RCN is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

28. The allegations in Paragraph 28 are not directed at RCN and therefore no response is required. To the extent a response is required, RCN is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

29. The allegations in Paragraph 29 are not directed at RCN and therefore no response is required. To the extent a response is required, RCN is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

30. The allegations in Paragraph 30 are not directed at RCN and therefore no response is required. To the extent a response is required, RCN is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

31. The allegations in Paragraph 31 are not directed at RCN and therefore no response is required. To the extent a response is required, RCN is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

32. The allegations in Paragraph 32 are not directed at RCN and therefore no response is required. To the extent a response is required, RCN is without knowledge or

information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

33. The allegations in Paragraph 33 are not directed at RCN and therefore no response is required. To the extent a response is required, RCN is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

34. The allegations in Paragraph 34 are not directed at RCN and therefore no response is required. To the extent a response is required, RCN is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

35. The allegations in Paragraph 35 are not directed at RCN and therefore no response is required. To the extent a response is required, RCN is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

36. The allegations in Paragraph 36 are not directed at RCN and therefore no response is required. To the extent a response is required, RCN is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

37. The allegations in Paragraph 37 are not directed at RCN and therefore no response is required. To the extent a response is required, RCN is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

38. The allegations in Paragraph 38 are not directed at RCN and therefore no response is required. To the extent a response is required, RCN is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

39. The allegations in Paragraph 39 are denied.

40. The allegations in Paragraph 40 are not directed at RCN and therefore no response is required. To the extent a response is required, RCN is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

41. The allegations in Paragraph 41 are not directed at RCN and therefore no response is required. To the extent a response is required, RCN is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

42. The allegations in Paragraph 42 are not directed at RCN and therefore no response is required. To the extent a response is required, RCN is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

43. The allegations in Paragraph 43 are not directed at RCN and therefore no response is required. To the extent a response is required, RCN is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

44. The allegations in Paragraph 44 are not directed at RCN and therefore no response is required. To the extent a response is required, RCN is without knowledge or

information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

45. The allegations in Paragraph 45 are not directed at RCN and therefore no response is required. To the extent a response is required, RCN is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

46. The allegations in Paragraph 46 are denied to the extent they are directed at RCN. To the extent the allegations are not directed at RCN, no response is required. To the extent a further response is required, RCN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

47. The allegations in Paragraph 47 are denied to the extent they are directed at RCN. To the extent the allegations are not directed at RCN, no response is required. To the extent a further response is required, RCN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

### Prayer for Relief

RCN admits that Ceres is seeking the relief requested in the Prayer for Relief but denies that it is entitled to the relief requested.

### RCN'S Defenses

Without admitting or acknowledging that it bears the burden of proof as to any of them, RCN asserts the following affirmative defenses:

### First Defense

1. The Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

2.  RCN is not infringing and has not infringed directly, contributorily, or by inducement, any claim of the '526 patent, either literally or under the doctrine of equivalents.

**Third Defense**

3.  The '526 patent is invalid and unenforceable for failure to satisfy the statutory requirements of one or more sections of Title 35 of the U.S. Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112, and Title 37 of the Code of Federal Regulations.

**Fourth Defense**

4.  Ceres's claims are barred by the doctrines of *res judicata* and/or collateral estoppel.

**Fifth Defense**

5.  By reason of the prior art or the proceedings in the United States Patent and Trademark Office, during prosecution of the application for the '526 patent and/or its predecessors, including the admissions, representations and amendments made on behalf of the applicants for such patents during initial prosecution and/or reexamination, Ceres is estopped from asserting any construction and/or scope of the claims of the '526 patent that would cover any systems or methods of RCN.

**Sixth Defense**

6.  Ceres is barred from asserting the '526 patent against RCN by the doctrine of laches and/or equitable estoppel.

**Seventh Defense**

7.  Ceres is barred in whole or in part from asserting the '526 patent against RCN by the doctrine of prosecution laches.

**Eighth Defense**

8.  The '526 patent is unenforceable due to Ceres's inequitable conduct during prosecution of the '526 patent.

**Ninth Defense**

9.  On information and belief, pursuant to 35 U.S.C. § 287(a), Ceres is precluded from recovering damages for infringement of the '562 patent (if any) prior to the date that Ceres provided adequate notice of its infringement to RCN.

**Tenth Defense**

10. RCN denies each and every allegation contained in the Complaint and its prayers for relief unless the same has been expressly admitted herein. RCN expressly reserves all affirmative defenses, rights, and remedies at law and in equity.

**Eleventh Defense**

11. After a reasonable opportunity for further investigation or discovery, there is likely to be evidence that the '526 patent and its claims are invalid, void, not infringed, or unenforceable because during the prosecution, the Patent Examiner was not fully advised of all pertinent prior art and other material facts known by or readily available to the patentee.

**Twelfth Defense**

12. Ceres is barred by the doctrine of waiver.

**Thirteenth Defense**

13. RCN reserves the right to amend this Answer or assert additional defenses in the event that additional information becomes available to RCN through discovery or otherwise.

## COUNTERCLAIMS

Defendant and Counterclaim Plaintiff RCN asserts these Counterclaims against Plaintiff and Counterclaim Defendant Ceres and complains as follows:

## FACTUAL BACKGROUND

1. RCN incorporates by this reference all of the allegations and averments of its answer and its affirmative defenses.

2. This is an action for declaratory judgment of invalidity and non-infringement of U.S. Patent No. 5,774,526 (the "'526 patent"). This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, Title 35 of the United States Code.

3. This Court has jurisdiction over the subject matter of these counterclaims under 28 U.S.C. § 1338. Personal jurisdiction is proper over Ceres because Ceres has substantial and continuous contacts with this Judicial District. Venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b).

4. Ceres claims to be the present owner of all right, title and interest in the '526 patent, including the right to sue and recover damages for infringement.

5. Ceres and its attorneys were under a duty of candor and good faith in dealing with the U.S. Patent and Trademark Office ("USPTO") during the prosecution of the '526 patent, which included a duty to disclose to the USPTO all information material to patentability.

## FIRST CLAIM FOR RELIEF
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

6. RCN incorporates by reference all of the foregoing paragraphs of its Counterclaims, and averments of its answer and affirmative defenses.

7. As a consequence of the foregoing and the allegations in the Complaint, there is an actual and justifiable controversy between Ceres and RCN with respect to the alleged infringement of the '526 patent.

8. RCN has not and does not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '526 patent.

9. As a result, a judicial determination is necessary as to RCN's rights to, use, offer for sale and/or sell the services that are accused by Ceres, but denied by RCN, as infringing the '526 patent.

## SECOND CLAIM FOR RELIEF
## DECLARATORY JUDGMENT OF INVALIDITY

10. RCN incorporates by this reference all of the foregoing paragraphs of its Counterclaims, and averments of its answer and affirmative defenses.

11. As a consequence of the foregoing and the allegations in the Complaint, there is an actual and justiciable controversy between Ceres and RCN with respect to the validity of the '526 patent.

12. Upon information and belief, the '526 patent is invalid due to Ceres's failure to comply with one or more the following statutory provisions: 35 U.S.C. §§ 101, 102, 103, and 112.

13. As a result, a judicial determination is necessary as to RCN's rights to use, offer for sale and/or sell the services that are accused by Ceres, but denied by RCN, as infringing the '526 patent.

**WHEREFORE**, RCN prays for judgment and relief against Ceres, including:

a. That this Court dismiss the Complaint against RCN with prejudice;

b. That Ceres recovers nothing;

c. A judgment declaring that RCN has not infringed, and is not infringing, the '526 patent;

d. A judgment declaring that the '526 patent is invalid;

e. A preliminary and permanent injunction prohibiting Ceres, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them from initiating infringement litigation or from threatening RCN or any of its affiliates, customers, dealers, agents, servants, or employees with infringement litigation or charging them either verbally or in writing with infringement of the '526 patent or its claims;

f. A judgment that this is an exceptional case and that RCN be awarded reasonable attorneys' fees, costs, and expenses against Plaintiff pursuant to 35 U.S.C. § 285; and

g. That RCN be awarded such further relief as this Court may deem just and equitable.

## JURY TRIAL DEMAND

RCN demands a trial by jury on all issues triable of right by a jury.

Of Counsel:

Richard P. Gilly
Rhett E. Petcher
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, D.C. 20004
Telephone: 202.463.2400
Facsimile: 202.828.5393
rgilly@seyfarth.com
rpetcher@seyfarth.com

Dated: December 16, 2010

Respectfully submitted,

 /s/ *John M. Seaman* 
John M. Seaman (#3868)
ABRAMS & BAYLISS LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807
Telephone: 302.778.1000
Facsimile: 302.258.0771
seaman@abramsbayliss.com

*Counsel for Defendant/Counterclaim Plaintiff RCN Corporation*

# CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of December, 2010, I electronically filed the foregoing *Answer and Counterclaim* with the Clerk of Court using CM/ECF, which will send notification of such filing to all registered participants.

I also certify that on December 16, 2010, I caused to be served true and correct copies of the foregoing on the following in the manner indicated below:

| **BY EMAIL and U.S. MAIL** | **BY EMAIL and U.S. MAIL** |
| --- | --- |
| Richard D. Kirk | Marc A. Fenster |
| Stephen B. Brauerman | Bruce D. Kuyper |
| BAYARD, P.A. | RUSS, AUGUST & KABAT |
| 222 Delaware Ave, Suite 900 | 12424 Wilshire Blvd., 12th Floor |
| Wilmington, Delaware 19801 | Los Angeles, California 90025 |
| rkirk@bayardlaw.com | mfenster@raklaw.com |
| sbrauerman@bayardlaw.com | bkuyper@raklaw.com |

        */s/ John M. Seaman*
        John M. Seaman (#3868)
        ABRAMS & BAYLISS LLP
        20 Montchanin Road, Suite 200
        Wilmington, DE 19807
        Telephone: 302.778.1000
        seaman@abramsbayliss.com