# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Ceres Communications Technologies, LLC,<br><br>Plaintiff,<br><br>v.<br><br>8x8, Inc.;<br>AT&T Inc.;<br>Atlantic Broadband Finance, LLC;<br>Bright House Networks, LLC;<br>Cablevision Systems Corporation;<br>Charter Communications Holding Company, LLC;<br>Charter Communications, Inc.;<br>Comcast Corporation;<br>Cox Communications, Inc,;<br>CSC Holdings LLC;<br>Insight Communications Company, Inc.;<br>Knology, Inc,;<br>Mediacom Broadband LLC;<br>OfficeMax Incorporated;<br>RCN Corporation;<br>San Juan Cable LLC;<br>Skype Global S.à.r.l.;<br>Skype Inc.;<br>Time Warner Cable Inc.;<br>Verizon Communications Inc.;<br>Vonage Holding Corp.;<br>Vonage America Inc.; and<br>Vonage Marketing LLC,<br><br>Defendants. | C.A. No. 10-855-JCJ<br><br>**DEMAND FOR JURY TRIAL** |

**DEFENDANTS VONAGE HOLDINGS CORP., VONAGE AMERICA INC. AND VONAGE MARKETING LLC'S ANSWER TO FIRST AMENDED COMPLAINT**

Defendants Vonage Holdings Corp., Vonage America Inc., and Vonage Marketing LLC (collectively, "Vonage") answer the allegations in Plaintiff Ceres Communications Technologies, LLC's ("Ceres") First Amended Complaint as follows:

## THE PARTIES

1. Vonage is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the First Amended Complaint.

2. Vonage is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the First Amended Complaint.

3. Vonage is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the First Amended Complaint.

4. Vonage is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the First Amended Complaint.

5. Vonage is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the First Amended Complaint.

6. Vonage is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the First Amended Complaint.

7. Vonage is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the First Amended Complaint.

8. Vonage is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the First Amended Complaint.

9. Vonage is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the First Amended Complaint.

10. Vonage is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the First Amended Complaint.

11. Vonage is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the First Amended Complaint.

12. Vonage is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the First Amended Complaint.

13. Vonage is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the First Amended Complaint.

14. Vonage is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the First Amended Complaint.

15. Vonage is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the First Amended Complaint.

16. Vonage is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the First Amended Complaint.

17. Vonage is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the First Amended Complaint.

18. Vonage is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the First Amended Complaint.

19. Vonage is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the First Amended Complaint.

20. Vonage is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the First Amended Complaint.

21. Vonage admits the allegations contained in paragraph 21 of the First Amended Complaint.

22. Vonage admits the allegations contained in paragraph 22 of the First Amended Complaint.

US1DOCS 7793022v1

23.     Vonage admits the allegations contained in paragraph 23 of the First Amended Complaint.

## JURISDICTION AND VENUE

24.     Vonage admits that the First Amended Complaint purports to set forth a cause of action for patent infringement. Vonage is not required to answer the remainder of the allegations in paragraph 24 because they purport to set forth legal conclusions.

25.     Vonage denies that it has "committed acts of patent infringement in this district" or any other judicial district. Vonage is not required to answer the remainder of the allegations in paragraph 25 because they purport to set forth legal conclusions.

## COUNT I: INFRINGEMENT OF UNITED STATES PATENT NO. 5,774,526

26.     Vonage denies that Ceres is the rightful owner of United States Patent No. 5,774,526 ("the '526 patent"). Vonage admits that the '526 patent is entitled "Reconfigurable On-Demand Telephone and Data Line System," indicates an issue date of June 30, 1998, and that Exhibit A to the First Amended Complaint purports to be a copy of the '526 patent.

27.     Vonage is not required to answer the allegations in paragraph 27 of the First Amended Complaint because they are directed to defendants other than Vonage.

28.     Vonage is not required to answer the allegations in paragraph 28 of the First Amended Complaint because they are directed to defendants other than Vonage.

29.     Vonage is not required to answer the allegations in paragraph 29 of the First Amended Complaint because they are directed to defendants other than Vonage.

30.     Vonage is not required to answer the allegations in paragraph 30 of the First Amended Complaint because they are directed to defendants other than Vonage.

31.     Vonage is not required to answer the allegations in paragraph 31 of the First Amended Complaint because they are directed to defendants other than Vonage.

US1DOCS 7793022v1

32. Vonage is not required to answer the allegations in paragraph 32 of the First Amended Complaint because they are directed to defendants other than Vonage.

33. Vonage is not required to answer the allegations in paragraph 33 of the First Amended Complaint because they are directed to defendants other than Vonage.

34. Vonage is not required to answer the allegations in paragraph 34 of the First Amended Complaint because they are directed to defendants other than Vonage.

35. Vonage is not required to answer the allegations in paragraph 35 of the First Amended Complaint because they are directed to defendants other than Vonage.

36. Vonage is not required to answer the allegations in paragraph 36 of the First Amended Complaint because they are directed to defendants other than Vonage.

37. Vonage is not required to answer the allegations in paragraph 37 of the First Amended Complaint because they are directed to defendants other than Vonage.

38. Vonage is not required to answer the allegations in paragraph 38 of the First Amended Complaint because they are directed to defendants other than Vonage.

39. Vonage is not required to answer the allegations in paragraph 39 of the First Amended Complaint because they are directed to defendants other than Vonage.

40. Vonage is not required to answer the allegations in paragraph 40 of the First Amended Complaint because they are directed to defendants other than Vonage.

41. Vonage is not required to answer the allegations in paragraph 41 of the First Amended Complaint because they are directed to defendants other than Vonage.

42. Vonage is not required to answer the allegations in paragraph 42 of the First Amended Complaint because they are directed to defendants other than Vonage.

US1DOCS 7793022v1

43.     Vonage is not required to answer the allegations in paragraph 43 of the First Amended Complaint because they are directed to defendants other than Vonage.

44.     Vonage is not required to answer the allegations in paragraph 44 of the First Amended Complaint because they are directed to defendants other than Vonage.

45.     Vonage denies that it has infringed any claims of the '526 patent, literally or under the doctrine of equivalents.

46.     Vonage denies the allegations in paragraph 46 of the First Amended Complaint insofar as they pertain to Vonage. Vonage is not required to answer the allegations in paragraph 46 insofar as they are directed to other defendants.

47.     Vonage denies the allegations in paragraph 47 of the First Amended Complaint insofar as they pertain to Vonage. Vonage is not required to answer the allegations in paragraph 47 insofar as they are directed to other defendants.

## DEFENSES

### FIRST AFFIRMATIVE DEFENSE

According to the current records of the United States Patent Officer, Ceres is not the owner or assignee of the '526 patent. Ceres therefore does not have standing to assert the '526 patent against Vonage.

### SECOND AFFIRMATIVE DEFENSE

Vonage does not directly infringe and has not directly infringed, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '526 patent.

### THIRD AFFIRMATIVE DEFENSE

One or more claims of the '526 patent is invalid and/or unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for

patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, 112, and/or 116.

## FOURTH AFFIRMATIVE DEFENSE

Ceres' claim for injunctive relief is barred because Ceres does not practice the '526 patent.

## FIFTH AFFIRMATIVE DEFENSE

The '526 patent is unenforceable against Vonage because of estoppel, laches, waiver, or other applicable equitable doctrines.

## SIXTH AFFIRMATIVE DEFENSE

Vonage reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or in equity that may now exist or in the future be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS

Vonage alleges as follows for its counterclaims against Ceres:

1. These are counterclaims for declarations of non-infringement, invalidity and unenforceability of one or more claims of the '526 patent.

2. The counterclaim plaintiff Vonage Holdings Corp. is a Delaware corporation having its principal place of business at 23 Main Street, Holmdel, New Jersey 07733.

3. The counterclaim plaintiff Vonage Holdings America is a Delaware corporation having its principal place of business at 23 Main Street, Holmdel, New Jersey 07733.

4. The counterclaim plaintiff Vonage Marketing LLC is a Delaware corporation having its principal place of business at 23 Main Street, Holmdel, New Jersey 07733.

US1DOCS 7793022v1

5. The counterclaim defendant Ceres Communications Technologies, LLC alleges in its Complaint that it is a Delaware limited liability company with a principal place of business at 2961 Fontenay Road, Shaker Heights, Ohio 44120.

6. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338 and 2201.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)-(d) and § 1400(b) because Ceres is subject to personal jurisdiction in this district.

8. Ceres has sued Vonage for infringement of the '526 patent.

9. An actual case and controversy exists between the parties concerning the infringement, validity, and enforceability of one or more of the claims of the '526 patent, and that controversy is ripe for adjudication.

**COUNT I – NONINFRINGEMENT OF THE '526 PATENT**

10. Vonage repeats and re-alleges paragraphs 1-9 of the Counterclaim, above, as if fully set forth herein.

11. Vonage has not directly infringed and is not directly infringing the '526 patent, either literally or under the doctrine of equivalents.

12. Vonage is entitled to a declaratory judgment that is has not directly infringed and is not directly infringing the '526 patent, either literally or under the doctrine of equivalents.

**COUNT II – INVALIDITY OF THE '526 PATENT**

13. Vonage repeats and re-alleges paragraphs 1-12 of the Counterclaim, above, as if fully set forth herein.

US1DOCS 7793022v1

14. The '526 patent is invalid for failure to comply with the conditions for patentability specified by Title 35 of the United States Code, including without limitation §§ 102, 103, and 112.

15. Vonage is entitled to a declaratory judgment that the '526 patent is invalid.

**COUNT III – UNENFORCEABILITY OF THE '526 PATENT**

16. Vonage repeats and re-alleges paragraphs 1-15 of the Counterclaim, above, as if fully set forth herein.

17. The '526 patent is unenforceable because of waiver, estoppel, laches, and/or other applicable equitable doctrines.

18. Vonage is entitled to a declaratory judgment that the '526 patent is unenforceable.

19. Vonage reserves the right to assert additional Counterclaims that may now exist or in the future be available based on discovery and further factual investigation.

**PRAYER FOR RELIEF**

WHEREFORE, Vonage requests that the Court enter judgment in its favor and grant relief as follows:

A. Dismiss the Complaint in its entirety, with prejudice;

B. Declare that Vonage has not infringed, and is not infringing, the '526 patent, either literally or under the doctrine of equivalents;

C. Declare that the claims of the '526 patent are invalid;

D. Declare that the '526 patent is unenforceable;

E. Award Vonage its costs, expenses, and reasonable attorneys' fees incurred in this action, pursuant to 35 U.S.C. § 285; and

F. Grant such further relief to Vonage as is just and proper.

US1DOCS 7793022v1

## DEMAND FOR JURY TRIAL

Vonage requests a jury trial, pursuant to Federal Rule of Civil Procedure 38(b), of any issues that may be tried to a jury.

                        Vonage Holding Corp.;
                        Vonage America Inc.; and
                        Vonage Marketing LLC,

By their attorneys,

*/s/ Collins J. Seitz, Jr.*
Collins J. Seitz, Jr. (#2237)
Chad S.C. Stover (#4919)
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street, P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141
cseitz@cblh.com
cstover@cblh.com

*Of Counsel – Admitted Pro Hac Vice*
William F. Lee
Michael J. Summersgill
Jordan L. Hirsch
Leslie E. Stierman
WILMERHALE
60 State Street
Boston, MA 02109

Grant K. Rowan
WILMERHALE
1875 Pennsylvania Avenue NW
Washington, DC 20006

Laura S. Sheridan
WILMERHALE
399 Park Avenue
New York, NY 10022

Dated: December 20, 2010

# CERTIFICATE OF SERVICE

I, Chad S.C. Stover hereby certify that on the 20th day of December, 2010, a true copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following and allow the document to be viewed and downloaded from CM/ECF, and was served upon the following via e-mail:

Richard D. Kirk
Stephen B. Brauerman
Bayard, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE 19899
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
*Attorneys for Plaintiff Ceres Communication Technologies LLC*

Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
rhorwitz@potteranderson.com
dmoore@potteranderson.com
*Attorneys for Defendant 8x8, Inc.*

Steven J. Balick
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
sbalick@ashby-geddes.com
*Attorneys for Defendant Atlantic Broadband Finance, LLC*

Marc A. Fenster
Bruce D. Kuyper
Russ, August, & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025-1031
mfenster@raklaw.com
bkuyper@raklaw.com
*Attorneys for Plaintiff Ceres Communications Technologies, LLC*

Robert J. Crawford
Crawford Maunu PLLC
Intellectual Property Attorneys
1150 Nortland Drive, Suite 100
Saint Paul, MN 55120
Crawford@ip-firm.com
*Attorneys for Defendant 8x8, Inc.*

Kelly E. Farnan
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
farnan@rlf.com
*Attorneys for Defendant Bright House Networks, LLC*

Frederick L. Cottrell, III
Anne Shea Gaza
Richards, Layton & Finger, PA
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Cottrell@rlf.com
gaza@rlf.com
*Attorneys for Defendants CSC Holdings LLC*

Benjamin Hershkowitz
Charles J. Boudreau
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166-0193
BHershkowitz@gibsondunn.com
CBoudreau@gibsondunn.com
*Attorneys for Defendants CSC Holdings LLC*

Steven J. Balick
Lauren E. Maguire
Caroline Hong
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899
sbalick@ashby-geddes.com
lmaguire@ashby-geddes.com
chong@ashby-geddes.com
*Attorneys for Defendants Charter Communications Holding Company, LLC, Charter Communications, Inc. and Mediacom Broadband LLC*

Jeffrey H. Dean
Kevin D. Hogg
Scott A. Sanderson
Sarah J. Kalemeris
Marshall, Gerstein & Borun LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL 60606-6357
jdean@marshallip.com
khogg@marshallip.com
ssanderson@marshallip.com
skalemeris@marshallip.com
*Attorneys for Defendant Charter Communications, Inc.*

Jack B. Blumenfeld
Paul Saindon
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
Wilmington, DE 19899
jblumenfeld@mnat.com
psaindon@mnat.com
*Attorneys for Defendants Comcast Corporation and Cox Communications, Inc.*

Brian L. Ferrall
Lisa C. Ehrlich
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111
bferrall@kvn.com
lehrlich@kvn.com
*Attorneys for Defendant Comcast Corporation*

Vaibhav P. Kadaba
Mitchell G. Stockwell
Wilson L. White
Taylor Higgins Ludlam
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 1100
Atlanta, GA 30309
wkadaba@kilpatrickstockton.com
mstockwell@kilpatrickstockton.com
wwhite@kilpatrickstockton.com
taludlam@kilpatrickstockton.com
*Attorneys for Defendant Cox
Communications, Inc.*

Patrick J. Flinn
Angela Payne-James
Matthew W. Howell
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3449
Patrick.flinn@alston.com
Angela.james@alston.com
Matthew.howell@alston.com
*Attorneys for Defendant Knology, Inc.*

John Hintz
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
jhintz@chadbourne.com
*Attorneys for Defendant San Juan Cable
LLC*

Kelly E. Farnan
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
farnan@rlf.com
*Attorneys for Defendant Time Warner
Cable Inc.*

Kelly E. Farnan
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
farnan@rlf.com
*Attorneys for Defendant Insight
Communications Company, Inc.*

Mitchell D. Lukin
Baker Botts LLP
One Shell Plaza
910 Louisiana Street
Houston, TX 77002-4995
Mitch.lukin@bakerbotts.com
*Attorneys for Defendant Mediacom
Broadband LLC*

Dana Frix
Chadbourne & Parke LLP
1200 New Hampshire Avenue, NW
Washington, DC 200036
dfrix@chadbourne.com
*Attorneys for Defendant San Juan Cable
LLC*

David S. Benyacar
Daniel L. Reisner
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022
dbenyacar@kayescholer.com
dreisner@kayescholer.com
*Attorneys for Defendant Time Warner
Cable Inc.*

/s/ *Chad S.C. Stover*
Chad S.C. Stover (#4919)