IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Ceres Communications Technologies, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 10-855 (JCJ) |
| | ) |
| 8x8, Inc.; AT&T Inc.; Atlantic Broadband | ) **DEMAND FOR JURY TRIAL** |
| Finance, LLC; Bright House Networks, LLC; | ) |
| Charter Communications Holding Company, | ) |
| LLC; Charter Communications, Inc.; Comcast | ) |
| Corporation; Cox Communications, Inc.; CSC | ) |
| Holdings LLC; Insight Communications | ) |
| Company, Inc.; Knology, Inc.; Mediacom | ) |
| Broadband LLC; OfficeMax Incorporated; | ) |
| RCN Corporation; San Juan Cable LLC; | ) |
| Skype Global S.à.r.l.; Skype Inc.; Time | ) |
| Warner Cable Inc.; Verizon Communications | ) |
| Inc.; Vonage Holdings Corp.; Vonage America | ) |
| Inc.; and Vonage Marketing LLC, | ) |
| | ) |
| Defendants. | ) |

## COX COMMUNICATIONS, INC.'S ANSWER TO
## FIRST AMENDED COMPLAINT AND COUNTERCLAIM

Cox Communications, Inc. ("Cox") hereby responds to the allegations of Plaintiff's First Amended Complaint for Patent Infringement (the "Complaint") as follows:

### PARTIES

1. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and therefore denies those allegations.

2. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and therefore denies those allegations.

3.     Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint and therefore denies those allegations.

4.     Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint and therefore denies those allegations.

5.     Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint and therefore denies those allegations.

6.     Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint and therefore denies those allegations.

7.     Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint and therefore denies those allegations.

8.     Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint and therefore denies those allegations.

9.     Cox admits the allegations of Paragraph 9 of the Complaint.

10.     Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint and therefore denies those allegations.

11. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint and therefore denies those allegations.

12. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint and therefore denies those allegations.

13. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint and therefore denies those allegations.

14. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint and therefore denies those allegations.

15. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint and therefore denies those allegations.

16. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint and therefore denies those allegations.

17. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint and therefore denies those allegations.

18.     Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint and therefore denies those allegations.

19.     Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint and therefore denies those allegations.

20.     Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint and therefore denies those allegations.

21.     Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint and therefore denies those allegations.

22.     Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint and therefore denies those allegations.

23.     Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint and therefore denies those allegations.

## JURISDICTION AND VENUE

24.     Cox admits that Plaintiff purports to allege an action for patent infringement arising under the laws of the United States, 35 U.S.C. §§ 1, et. seq..  Cox also admits that subject matter jurisdiction over claims of patent infringement is proper under 28 U.S.C. §§ 1331 and 1338(a).

25.     Cox admits that venue is proper within this district as to Cox and that Cox is subject to personal jurisdiction within this district. Cox denies that it has committed acts of patent infringement in this district or elsewhere. Cox is without knowledge or information sufficient to form a belief as to whether venue is proper or whether this Court has personal jurisdiction with respect to other defendants in this case and therefore denies those allegations. Cox denies all other allegations in Paragraph 25 of the Complaint.

## COUNT I

### (Infringement of U.S. Patent No. 5,774,526)

26.     Cox admits that U.S. Patent No. 5,774,526 ("the '526 patent") entitled "Reconfigurable On-Demand Telephone and Data Line System" issued on June 30, 1998 and that a copy of what appears to be the '526 patent is attached as Exhibit A to the Complaint. Cox is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26 of the Complaint and therefore denies those allegations.

27.     Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint and therefore denies those allegations.

28.     Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint and therefore denies those allegations.

29.     Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint and therefore denies those allegations.

30. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint and therefore denies those allegations.

31. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint and therefore denies those allegations.

32. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint and therefore denies those allegations.

33. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the Complaint and therefore denies those allegations.

34. Cox admits that its Cox Digital Telephone service allows users to place calls to telephones or to receive telephone calls to telephone numbers over Cox's cable network. Cox expressly denies that it has committed or is continuing to commit any acts of infringement and denies the remaining allegations of Paragraph 34 of the Complaint.

35. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Complaint and therefore denies those allegations.

36. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the Complaint and therefore denies those allegations.

37.     Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Complaint and therefore denies those allegations.

38.     Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the Complaint and therefore denies those allegations.

39.     Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Complaint and therefore denies those allegations.

40.     Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the Complaint and therefore denies those allegations.

41.     Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Complaint and therefore denies those allegations.

42.     Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Complaint and therefore denies those allegations.

43.     Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the Complaint and therefore denies those allegations.

44.     Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the Complaint and therefore denies those allegations.

45.     Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the Complaint and therefore denies those allegations.

46.     Cox denies the allegations of Paragraph 46 of the Complaint to the extent they are directed at Cox and expressly denies that Plaintiff has suffered or will suffer any damages as result of any activities attributable to Cox.  Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 as to the other defendants and therefore denies those allegations.

47.     Cox denies the allegations of Paragraph 47 of the Complaint to the extent they are directed at Cox and expressly denies that Plaintiff will suffer any harm as result of any activities attributable to Cox.  Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 as to the other defendants and therefore denies those allegations.

## PRAYER FOR RELIEF

Cox admits that Plaintiff is seeking the relief requested in the Prayer for Relief, but expressly denies that Plaintiff is entitled to the relief requested from Cox.

## AFFIRMATIVE DEFENSES

Cox alleges and asserts the following defenses in response to the allegations by Plaintiff, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

### FIRST AFFIRMATIVE DEFENSE

1.      The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2.      Cox is not infringing and has not infringed any claim of the '526 patent, either literally or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE

3.      Plaintiff is estopped, by virtue of the prior art or the prosecution of the '526 patent from asserting infringement against Cox.

### FOURTH AFFIRMATIVE DEFENSE

4.      Each claim of the '526 patent is invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and 112.

### FIFTH AFFIRMATIVE DEFENSE

5.      The equitable doctrines of waiver, estoppel, and/or laches bar some or all of Plaintiff's claims for damages and other relief.

### SIXTH AFFIRMATIVE DEFENSE

6.      To the extent Plaintiff failed to properly mark any of its relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Cox's actions allegedly infringed the '526 patent, Cox is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '526 patent.

7.      Cox reserves the right to supplement its defenses as the result of any information that it confirms or learns during the course of discovery in this matter.

## COUNTERCLAIMS

Defendant and Counterclaim Plaintiff Cox asserts the following Counterclaims against Plaintiff and Counterclaim Defendant Ceres Communications Technologies, LLC ("Ceres").

1.      Cox seeks a declaration by the Court that the '526 patent is not infringed by Cox.

2.      Cox seeks a declaration by the Court that the '526 patent is invalid.

## PARTIES, JURISDICTION AND VENUE

3.      Cox incorporates by reference all of the allegations and averments of its Answer and Affirmative Defenses.

4.      Cox Communications, Inc. is a Delaware Corporation, with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319.

5.       On information and believe, Ceres Communications Technologies, LLC is a Delaware limited liability company with a principal place of business at 2961 Fontenay Road, Shaker Heights, Ohio 44120.

6.      This is an action for declaratory judgment of invalidity and non-infringement of the '526 patent.  This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, et. seq. and the patent laws of the United States, Title 35 of the United States Code.

7.      This Court has subject matter jurisdiction over these counterclaims under 28 U.S.C. §§ 1331 and 1338(a).  Personal jurisdiction is proper over Ceres because Ceres has substantial and continuous contacts with this judicial district.

8.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391.

**BACKGROUND**

9.      Ceres claims to be the owner by assignment of all rights to recover for past and future acts of infringement of the '526 patent.

**COUNT I**

(Declaratory Judgment of Non-Infringement, 28 U.S.C. §§ 2201-2202)

10.      Cox incorporates the allegations contained in Paragraphs 1-9 above, as though fully set forth herein.

11.      Ceres alleges in this action that Cox has infringed and continues to infringe the '526 patent.  Cox denies that it has infringed and denies that it continues to infringe any valid and/or enforceable claim of the '526 patent.

12.      Accordingly, there is an actual, immediate, and justiciable controversy between Cox and Ceres as to non-infringement of the '526 patent.

13.      Cox is entitled to a declaration by the Court that Cox has not infringed and is not infringing the '526 patent.

14.      Cox is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

**COUNT II**

(Declaratory Judgment of Invalidity and/or Unenforceability, 28 U.S.C. §§ 2201-2201)

15.      Cox incorporates the allegations contained in Paragraphs 1-9 above, as though fully set forth herein.

16.      Ceres has alleged in this action that Cox has infringed and continues to infringe the '526 patent.  Cox denies these allegations, among other reasons, because the claims

of the '526 patent are invalid and/or unenforceable under the patent laws of the United States, including one or more provisions of 35 U.S.C. §§ 101, 102, 103, and 112.

17.     Accordingly, there is an actual, immediate, and justiciable controversy between Cox and Ceres as to the invalidity and/or unenforceability of the '526 patent.

18.     Cox is entitled to a declaration by the Court that the '526 patent is invalid and/or unenforceable.

19.     Cox is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## JURY DEMAND

20.     Cox demands trial by jury on all issues triable as of right by a jury.

**WHEREFORE**, Cox respectfully prays that the Court enter judgment:

a.     Declaring that Cox has not infringed and is not infringing any valid claim of the '526 patent;

b.     Declaring that the claims of the '526 patent are invalid;

c.     Entering judgment in favor of Cox dismissing Plaintiff's Complaint with prejudice;

d.     Declaring this an exceptional case under 35 U.S.C. § 285;

e.     Awarding Cox its costs, including attorneys' fees, incurred in defending this action; and

f.     Awarding Cox such other relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

OF COUNSEL:

Vaibhav P. Kadaba
Mitchell G. Stockwell
Wilson L. White
Taylor Higgins Ludlam
KILPATRICK STOCKTON LLP
1100 Peachtree Street
Suite 1100
Atlanta, GA  30309
(404) 815-6500

 December 20, 2010

*Attorneys for Cox Communications, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 20, 2010, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

Richard D. Kirk, Esquire
Stephen B. Brauerman, Esquire
BAYARD, P.A.

Steven J. Balick, Esquire
Lauren E. Maguire, Esquire
Caroline Hong, Esquire
ASHBY & GEDDES

Jeffrey L. Moyer, Esquire
Kelly E. Farnan, Esquire
RICHARDS, LAYTON & FINGER, P.A.

John M. Seaman, Esquire
ABRAMS & BAYLISS LLP

Frederick L. Cottrell, II, Esquire
Anne Shea Gaza, Esquire
RICHARDS, LAYTON & FINGER, P.A.

Richard L. Horwitz, Esquire
David E. Moore, Esquire
POTTER ANDERSON & CORROON LLP

Collins J. Seitz, Jr., Esquire
Chad S.C. Stover, Esquire
CONNOLLY BOVE LODGE AND HUTZ LLP

I further certify that I caused copies of the foregoing document to be served on December 20, 2010, upon the following in the manner indicated:

Richard D. Kirk, Esquire                                    *VIA ELECTRONIC MAIL*
Stephen B. Brauerman, Esquire
BAYARD, P.A.
222 Delaware Avenue
Suite 900
Wilmington, DE 19801
*Attorneys for Ceres Communications*
*Technologies, LLC*

Marc A. Fenster, Esquire                                 *VIA ELECTRONIC MAIL*
Bruce D. Kuyper, Esquire
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard
12th Floor
Los Angeles, CA  90025-1031
*Attorneys for Ceres Communications*
*Technologies, LLC*

Frederick L. Cottrell, II, Esquire                           *VIA ELECTRONIC MAIL*
Anne Shea Gaza, Esquire
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE  19801
*Attorneys for CSC Holdings LLC and*
*Cablevisions Systems Corporation*

Benjamin Hershkowitz, Esquire                            *VIA ELECTRONIC MAIL*
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
*Attorneys for CSC Holdings LLC*

Steven J. Balick, Esquire                                     *VIA ELECTRONIC MAIL*
Lauren E. Maguire, Esquire
Caroline Hong, Esquire
ASHBY & GEDDES
500 Delaware Avenue – 8th Floor
Wilmington, DE  19801
*Attorneys for Charter Communications*
*Holding Company, LLC, Charter*
*Communications, Inc., Mediacom Broadband*
*LLC and Atlantic Broadband Finance, LLC*

Jeffrey H. Dean, Esquire                                    *VIA ELECTRONIC MAIL*
Kevin D. Hogg, Esquire
Scott Sanderson, Esquire
Sarah K. Kalemeris, Esquire
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL  60606-6357
*Attorneys for Charter Communications*
*Holding Company, LLC, Charter*
*Communications, Inc. and Mediacom*
*Broadband LLC*

Mitchell D. Lukin, Esquire                                  *VIA ELECTRONIC MAIL*
BAKER BOTTS LLP
One Shell Plaza
910 Louisiana Street
Houston, TX  77002-4995
*Attorneys for Mediacom Broadband LLC*

Patrick J. Flinn, Esquire                                   *VIA ELECTRONIC MAIL*
Angela Payne-James, Esquire
Matthew W. Howell, Esquire
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA  30309-3449
*Attorneys for Knology, Inc.*

Richard L. Horwitz, Esquire                                 *VIA ELECTRONIC MAIL*
David E. Moore, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza – 6th Floor
1313 North Market Street
Wilmington, DE  19801
*Attorneys for San Juan Cable LLC, 8x8, Inc.*
*and OfficeMax Incorporated*

John M. Hintz, Esquire                                      *VIA ELECTRONIC MAIL*
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY  10112
*Attorneys for San Jan Cable LLC*

Dana Frix, Esquire                          *VIA ELECTRONIC MAIL*
CHADBOURNE & PARKE LLP
1200 New Hampshire Avenue, NW
Washington, DC  20036
*Attorneys for San Juan Cable LLC*

Robert J. Crawford, Esquire                 *VIA ELECTRONIC MAIL*
CRAWFORD MAUNU PLLC
1150 Northland Drive
Suite 100
Saint Paul, MN  55120
*Attorneys for 8x8, Inc. and OfficeMax*
*Incorporated*

Kenneth R. Breitbeil, Esquire               *VIA ELECTRONIC MAIL*
MCFALL, BREITBEIL & SHULTS, P.C.
1250 Four Houston Center
1331 Lamar Street
Houston, TX  77010-3027
*Attorneys for Office Max Incorporated*

Henry B. Gutman, Esquire                    *VIA ELECTRONIC MAIL*
Kerry L. Konrad, Esquire
Victor Cole, Esquire
SIMPSON THATCHER & BARTLETT LLP
425 Lexington Avenue
New York, NY  10017-3954
*Attorneys for Skype Global S.à.r.l. and Skype*
*Inc.*

Jeffrey E. Ostrow, Esquire                  *VIA ELECTRONIC MAIL*
SIMPSON THATCHER & BARTLETT LLP
2550 Hanover Street
Palo Alto, CA  94304
*Attorneys for Skype Global S.à.r.l. and Skype*
*Inc*

Jeffrey L. Moyer, Esquire                                   *VIA ELECTRONIC MAIL*
Kelly E. Farnan, Esquire
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
*Attorneys for Time Warner Cable Inc., Bright
House Networks, LLC and Insight
Communications Company, Inc.*

David S. Benyacar, Esquire                                  *VIA ELECTRONIC MAIL*
Daniel L. Reisner, Esquire
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
*Attorneys for Time Warner Cable Inc.*

Collins J. Seitz, Jr., Esquire                              *VIA ELECTRONIC MAIL*
Chad S.C. Stover, Esquire
CONNOLLY BOVE LODGE AND HUTZ LLP
1007 North Orange Street
Wilmington, DE 19801
*Attorneys for Vonage Holdings Corp.;
Vonage America Inc. and Vonage Marketing
LLC*

William F. Lee, Esquire                                     *VIA ELECTRONIC MAIL*
Michael J. Summersgill, Equire
WILMERHALE
60 State Street
Boston, MA 02109
*Attorneys for Vonage Holdings Corp.;
Vonage America Inc. and Vonage Marketing
LLC*

Brian L. Ferrall, Esquire                                   *VIA ELECTRONIC MAIL*
Lisa C. Ehrlich, Esquire
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA 94111
*Attorneys for Comcast Corporation*

John M. Seaman, Esquire  *VIA ELECTRONIC MAIL*
ABRAMS & BAYLISS LLP
20 Montchanin Road
Suite 200
Wilmington, DE 19807
*Attorneys for RCN Corporation*

Richard P. Gilly, Esquire  *VIA ELECTRONIC MAIL*
Rhett E. Petcher, Esquire
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, DC 20004
*Attorneys for RCN Corporation*

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)