IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Ceres Communications Technologies, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 10-855 (JCJ) |
| ) | |
| 8x8, Inc.; AT&T Inc.; Atlantic Broadband ) | **DEMAND FOR JURY TRIAL** |
| Finance, LLC; Bright House Networks, LLC; ) | |
| Charter Communications Holding Company, ) | |
| LLC; Charter Communications, Inc.; Comcast ) | |
| Corporation; Cox Communications, Inc.; CSC ) | |
| Holdings LLC; Insight Communications ) | |
| Company, Inc.; Knology, Inc.; Mediacom ) | |
| Broadband LLC; OfficeMax Incorporated; ) | |
| RCN Corporation; San Juan Cable LLC; ) | |
| Skype Global S.à.r.l.; Skype Inc.; Time ) | |
| Warner Cable Inc.; Verizon Communications ) | |
| Inc.; Vonage Holdings Corp.; Vonage America ) | |
| Inc.; and Vonage Marketing LLC, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT COMCAST CORPORATION'S ANSWER TO FIRST AMENDED
COMPLAINT OF PLAINTIFF CERES COMMUNICATIONS TECHNOLOGIES, LLC**

Defendant Comcast Corporation ("Comcast") answers the allegations in Plaintiff Ceres Communications Technologies, LLC's ("Ceres") First Amended Complaint ("FAC") as follow:

### I. THE PARTIES

1. Comcast is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the FAC.

2. Comcast is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the FAC.

3. Comcast is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the FAC.

4. Comcast is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the FAC.

5. Comcast is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the FAC.

6. Comcast is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the FAC.

7. Comcast is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the FAC.

8. Comcast admits the allegations contained in paragraph 8 of the FAC.

9. Comcast is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the FAC.

10. Comcast is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the FAC.

11. Comcast is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the FAC.

12. Comcast is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the FAC.

13. Comcast is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the FAC.

14. Comcast is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the FAC.

15. Comcast is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the FAC.

16. Comcast is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the FAC.

17. Comcast is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the FAC.

18. Comcast is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the FAC.

19. Comcast is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the FAC.

20. Comcast is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the FAC.

21. Comcast is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the FAC.

22. Comcast is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the FAC.

23. Comcast is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the FAC.

## II. JURISDICTION AND VENUE

24. Comcast admits that the FAC purports to set forth a cause of action for patent infringement. Comcast is not required to answer the remainder of the allegations in paragraph 24 because they purport to set forth legal conclusions. To the extent a response may be required, Comcast denies the allegations of this paragraph not expressly admitted.

25. Comcast denies that is has "committed or induced acts of patent infringement in this district" or in any other judicial district, and further denies that it "has a regular and established place of business in this district." Comcast lacks information sufficient

to form a belief as to the truth of the allegations to the extent they are directed to other defendants. Comcast is not required to answer the remainder of the allegations in paragraph 25 because they purport to set forth legal conclusions. To the extent that a response may be required, Comcast denies the allegations of this paragraph.

### III. COUNT I: INFRINGEMENT OF U.S. PATENT NO. 5,774,526

26. Comcast denies that Ceres is the owner of the United States Patent No. 5,774,526 ("the '526 patent"). Comcast admits that what purports to be a copy of the '526 patent is attached to the Complaint as Exhibit A. Comcast admits the attached copy of the patent is entitled "Reconfigurable On-Demand Telephone and Data Line System," and indicates an issue date of June 30, 1998.

27. Comcast is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 27 of the FAC because they are directed to defendants other than Comcast, and on that basis, denies the allegations in this paragraph.

28. Comcast is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 28 of the FAC because they are directed to defendants other than Comcast, and on that basis, denies the allegations in this paragraph.

29. Comcast is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 29 of the FAC because they are directed to defendants other than Comcast, and on that basis, denies the allegations in this paragraph.

30. Comcast is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30 of the FAC because they are directed to defendants other than Comcast, and on that basis, denies the allegations in this paragraph.

31. Comcast is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31 of the FAC because they are directed to defendants other than Comcast, and on that basis, denies the allegations in this paragraph.

32. Comcast is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 32 of the FAC because they are directed to defendants other than Comcast, and on that basis, denies the allegations in this paragraph.

33. Comcast denies the allegations in paragraph 33 of the FAC.

34. Comcast is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 34 of the FAC because they are directed to defendants other than Comcast, and on that basis, denies the allegations in this paragraph.

35. Comcast is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 35 of the FAC because they are directed to defendants other than Comcast, and on that basis, denies the allegations in this paragraph.

36. Comcast is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 36 of the FAC because they are directed to defendants other than Comcast, and on that basis, denies the allegations in this paragraph.

37. Comcast is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37 of the FAC because they are directed to defendants other than Comcast, and on that basis, denies the allegations in this paragraph.

38. Comcast is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 38 of the FAC because they are directed to defendants other than Comcast, and on that basis, denies the allegations in this paragraph.

39. Comcast is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 39 of the FAC because they are directed to defendants other than Comcast, and on that basis, denies the allegations in this paragraph.

40. Comcast is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 40 of the FAC because they are directed to defendants other than Comcast, and on that basis, denies the allegations in this paragraph.

41. Comcast is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 41 of the FAC because they are directed to defendants other than Comcast, and on that basis, denies the allegations in this paragraph.

42. Comcast is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 42 of the FAC because they are directed to defendants other than Comcast, and on that basis, denies the allegations in this paragraph.

43. Comcast is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 43 of the FAC because they are directed to defendants other than Comcast, and on that basis, denies the allegations in this paragraph.

44. Comcast is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 44 of the FAC because they are directed to defendants other than Comcast, and on that basis, denies the allegations in this paragraph.

45. Comcast is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 45 of the FAC because they are directed to defendants other than Comcast, and on that basis, denies the allegations in this paragraph.

46. Comcast denies the allegations in paragraph 46 of the FAC insofar as they pertain to Comcast. Comcast is without knowledge or information sufficient to form a belief as to the truth of the allegations with respect to other defendants.

47. Comcast denies the allegations in paragraph 47 of the FAC insofar as they pertain to Comcast. Comcast is without knowledge or information sufficient to form a belief as to the truth of the allegations with respect to other defendants.

## IV. DEFENSES

### First Defense
(Lack of Standing)

48. According to the current records of the United States Patent Office, Ceres is not the owner or assignee of the '526 patent. Upon information and belief, Ceres does not have standing to assert the '526 patent against Comcast.

### Second Defense
(Non-Infringement)

49. Comcast does not directly infringe and has not directly infringed, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '526 patent.

### Third Defense
(Invalidity)

50. The '526 patent, and each of the claims thereof, is invalid for failure to meet one or more of the conditions for patentability under Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112, the Rules and Regulations of the Unites States Patent Office, and/or one more judicially-created doctrines pertaining to patent validity.

### Fourth Defense
(No Injunctive Relief)

51. Ceres' claim for injunctive relief is barred for numerous reasons, including but not limited to: (1) Ceres does not practice the '526 patent, and therefore has not suffered and will not suffer irreparable harm by reason of any act alleged against Comcast; (2) Ceres would have adequate remedies at law; (3) the balance of the hardships would not favor Ceres; and (4) the public interest would be disserved by an injunction.

### Fifth Defense
(Laches)

52. Ceres' claims are barred or limited by the doctrine of laches.

53. More specifically, and without limiting the generality of the foregoing paragraph, Ceres has accused a Comcast service known as Comcast Digital Voice of infringing the '526 patent.

54. Xfinity Digital Voice products or services (formerly offered as Comcast Digital Voice products or services) have been used and offered since at least as early as 2004. Ceres and/or its predecessors in interest knew or reasonably should have known that the Comcast operating companies and/or their predecessors in interest had used and offered such products or services at that time and since. However, neither Ceres nor its predecessors in interest asserted the '526 patent against Xfinity Digital Voice products or services until October 20, 2010. Nor did Ceres or its predecessors in interest contact Comcast or any of its operating companies or any of their predecessors in interest regarding the '526 patent until October 20, 2010. The delay by Ceres and its predecessors in interest was unreasonable and inexcusable, and has caused Comcast material evidentiary and/or economic prejudice. Ceres' claims are accordingly barred by the doctrine of laches.

**Sixth Defense**
(License/exhaustion)

55. Upon information and belief, Comcast is a beneficiary of a license or a release with respect to the '526 patent for some or all of the accused products and services. Accordingly, Ceres' claims against Comcast are barred by virtue of the license and/or the exhaustion of Ceres' patent rights.

**Seventh Defense**
(Covenant Not to Sue)

56. Comcast is a beneficiary of a covenant not to sue on the '526 patent, which, on information and belief, is binding upon Ceres. Accordingly, Ceres' claims against Comcast are barred by contract.

**Eighth Defense**
(Failure to State a Claim)

57. Ceres' FAC fails to state any claim upon which relief can be granted.

**Ninth Defense**
(Failure to Mark)

58. Ceres' claim for damages for the alleged infringement of the '526 patent is barred in whole or in part for failure to allege compliance with, and failure to comply with, the marking and/or notice requirements of 35 U.S.C. § 287.

**Tenth Defense**
(Prosecution History Estoppel)

59. Ceres is estopped by virtue of patent prosecution history from maintaining that one or more claims of the '526 patent cover any products or services made, used, or sold by Comcast under the doctrine of equivalents.

**Eleventh Defense**
(Statute of Limitations)

60. To the extent Ceres seeks damages for alleged infringement more than six years prior to the filing of the present litigation, Ceres' claims are barred by the statute of limitations under 35 U.S.C. § 286.

**Twelfth Defense**
(Dedication to the Public)

61. Ceres has dedicated to the public all methods, systems, apparatus, and/or products disclosed in the '526 patent but not literally claimed therein, and is estopped from claiming infringement by any such public domain methods, systems, apparatus, and/or products.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Comcast hereby counterclaims against Ceres as follow:

1. These counterclaims are for declarations of noninfringement, invalidity, and unenforceability of one or more claims of the '526 patent.

2. The counterclaim plaintiff, Comcast Corporation, is a Pennsylvania corporation with a principal place of business at One Comcast Center, Philadelphia, Pennsylvania 19103.

3. The counterclaim defendant, Ceres Communications Technologies, LLC, alleges in its First Amended Complaint that it is a Delaware limited liability company with a principal place of business at 2961 Fontenay Road, Shaker Heights, Ohio 44120.

4. These claims arise under the patent laws of the United States, 35 U.S.C. §§ 100 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

5. Venue is proper is this district under 28 U.S.C. § 1391(b)-(d) because Ceres is subject to personal jurisdiction in this district.

6. Ceres has sued Comcast for infringement of the '526 patent.

7. An actual case or controversy exists between the parties concerning the alleged infringement, validity, and enforceability of one or more of the claims of the '526 patent, and that controversy is ripe for adjudication.

### COUNT I – NONINFRINGEMENT OF THE '526 PATENT

8. Comcast repeats and re-alleges paragraphs 1-7 of the Counterclaims, above, as if fully set forth herein.

9. Comcast has not infringed and is not infringing any claims of the '526 patent.

10. As a result of Ceres' actions and statements, including the filing of the underlying action, an actual controversy exists between the parties regarding Comcast's alleged infringement of the '526 patent.

11. Comcast is entitled to a declaratory judgment that is has not infringed and is not infringing any valid and enforceable claim of the '526 patent.

### COUNT II – INVALIDITY OF THE '526 PATENT

12. Comcast repeats and re-alleges paragraphs 1-11 of the Counterclaims, above, as if fully set forth herein.

13. The '526 patent, and each of the claims thereof, is invalid for failure to comply with one or more of the conditions for patentability specified by Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112, the Rules and Regulations of the Unites States Patent Office, and/or one more judicially-created doctrines pertaining to patent validity.

14. As a result of Ceres' actions and statements, including the filing of the underlying action, an actual controversy exists between the parties regarding Comcast's alleged infringement of the '526 patent

15. Comcast is entitled to a declaratory judgment that the '526 patent is invalid.

16. Comcast reserves the right to assert additional Counterclaims that may now exist or in the future be available based on discovery and further factual investigation.

## V. PRAYER FOR RELIEF

Comcast requests that the Court enter judgment in its favor and grant relief as follows:

A. Dismiss the FAC in its entirety, with prejudice;

B. Declare that Comcast has not infringed, and is not infringing, any claim of the '526 patent, either literally or under the doctrine of equivalents;

C. Declare that the '526 patent, and each of the claims thereof is invalid;

D. Deny any damages, injunctive relief, costs, expenses, attorney fees, or other relief sought by Ceres;

E. Declare this case to be exceptional pursuant to 35 U.S.C. § 285 and award attorneys fees to Comcast;

F. Award costs to Comcast;

G. Grant all other further relief to Comcast as is just and proper.

## VI. DEMAND FOR A JURY TRIAL

Comcast requests a jury trial, pursuant to Federal Rule of Civil Procedure 38(b), of any issues that may be tried to a jury.

|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
|  | */s/ Jack B. Blumenfeld* |
|  | Jack B. Blumenfeld (#1014)<br>Paul Saindon (#5110)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>psaindon@mnat.com |
|  | *Attorneys for Comcast Corporation* |

OF COUNSEL:

Brian L. Ferrall
Lisa C. Ehrlich
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA 94111
(415) 391-5400

December 20, 2010

# CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2010, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

| | |
|---|---|
| Richard D. Kirk, Esquire<br>Stephen B. Brauerman, Esquire<br>BAYARD, P.A. | Frederick L. Cottrell, II, Esquire<br>Anne Shea Gaza, Esquire<br>RICHARDS, LAYTON & FINGER, P.A. |
| Steven J. Balick, Esquire<br>Lauren E. Maguire, Esquire<br>Caroline Hong, Esquire<br>ASHBY & GEDDES | Richard L. Horwitz, Esquire<br>David E. Moore, Esquire<br>POTTER ANDERSON & CORROON LLP |
| Jeffrey L. Moyer, Esquire<br>Kelly E. Farnan, Esquire<br>RICHARDS, LAYTON & FINGER, P.A. | Collins J. Seitz, Jr., Esquire<br>Chad S.C. Stover, Esquire<br>CONNOLLY BOVE LODGE AND HUTZ LLP |
| John M. Seaman, Esquire<br>ABRAMS & BAYLISS LLP | |

I further certify that I caused copies of the foregoing document to be served on December 20, 2010, upon the following in the manner indicated:

Richard D. Kirk, Esquire                                                              *VIA ELECTRONIC MAIL*
Stephen B. Brauerman, Esquire
BAYARD, P.A.
222 Delaware Avenue
Suite 900
Wilmington, DE 19801
*Attorneys for Ceres Communications*
*Technologies, LLC*

Marc A. Fenster, Esquire                                                              *VIA ELECTRONIC MAIL*
Bruce D. Kuyper, Esquire
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard
12th Floor
Los Angeles, CA 90025-1031
*Attorneys for Ceres Communications*
*Technologies, LLC*

| | |
|---|---|
| Frederick L. Cottrell, II, Esquire<br>Anne Shea Gaza, Esquire<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>*Attorneys for CSC Holdings LLC and Cablevisions Systems Corporation* | *VIA ELECTRONIC MAIL* |
| Benjamin Hershkowitz, Esquire<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166-0193<br>*Attorneys for CSC Holdings LLC* | *VIA ELECTRONIC MAIL* |
| Steven J. Balick, Esquire<br>Lauren E. Maguire, Esquire<br>Caroline Hong, Esquire<br>ASHBY & GEDDES<br>500 Delaware Avenue – 8th Floor<br>Wilmington, DE 19801<br>*Attorneys for Charter Communications Holding Company, LLC, Charter Communications, Inc., Mediacom Broadband LLC and Atlantic Broadband Finance, LLC* | *VIA ELECTRONIC MAIL* |
| Jeffrey H. Dean, Esquire<br>Kevin D. Hogg, Esquire<br>Scott Sanderson, Esquire<br>Sarah K. Kalemeris, Esquire<br>MARSHALL, GERSTEIN & BORUN LLP<br>233 South Wacker Drive<br>6300 Willis Tower<br>Chicago, IL 60606-6357<br>*Attorneys for Charter Communications Holding Company, LLC, Charter Communications, Inc. and Mediacom Broadband LLC* | *VIA ELECTRONIC MAIL* |
| Mitchell D. Lukin, Esquire<br>BAKER BOTTS LLP<br>One Shell Plaza<br>910 Louisiana Street<br>Houston, TX 77002-4995<br>*Attorneys for Mediacom Broadband LLC* | *VIA ELECTRONIC MAIL* |

Patrick J. Flinn, Esquire     *VIA ELECTRONIC MAIL*
Angela Payne-James, Esquire
Matthew W. Howell, Esquire
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3449
*Attorneys for Knology, Inc.*

Vaibhav P. Kadaba, Esquire     *VIA ELECTRONIC MAIL*
Mitchell G. Stockwell, Esquire
Wilson L. White, Esquire
Taylor Higgins Ludlam, Esquire
KILPATRICK STOCKTON LLP
1100 Peachtree Street
Suite 1100
Atlanta, GA 30309
*Attorneys for Cox Communications, Inc.*

Richard L. Horwitz, Esquire     *VIA ELECTRONIC MAIL*
David E. Moore, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza – 6th Floor
1313 North Market Street
Wilmington, DE 19801
*Attorneys for San Juan Cable LLC, 8x8, Inc.*
*and OfficeMax Incorporated*

John M. Hintz, Esquire     *VIA ELECTRONIC MAIL*
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY 10112
*Attorneys for San Jan Cable LLC*

Dana Frix, Esquire     *VIA ELECTRONIC MAIL*
CHADBOURNE & PARKE LLP
1200 New Hampshire Avenue, NW
Washington, DC 20036
*Attorneys for San Juan Cable LLC*

Robert J. Crawford, Esquire  *VIA ELECTRONIC MAIL*
CRAWFORD MAUNU PLLC
1150 Northland Drive
Suite 100
Saint Paul, MN  55120
*Attorneys for 8x8, Inc. and OfficeMax Incorporated*

Kenneth R. Breitbeil, Esquire  *VIA ELECTRONIC MAIL*
MCFALL, BREITBEIL & SHULTS, P.C.
1250 Four Houston Center
1331 Lamar Street
Houston, TX  77010-3027
*Attorneys for Office Max Incorporated*

Henry B. Gutman, Esquire  *VIA ELECTRONIC MAIL*
Kerry L. Konrad, Esquire
Victor Cole, Esquire
SIMPSON THATCHER & BARTLETT LLP
425 Lexington Avenue
New York, NY  10017-3954
*Attorneys for Skype Global S.à.r.l. and Skype Inc.*

Jeffrey E. Ostrow, Esquire  *VIA ELECTRONIC MAIL*
SIMPSON THATCHER & BARTLETT LLP
2550 Hanover Street
Palo Alto, CA  94304
*Attorneys for Skype Global S.à.r.l. and Skype Inc*

Jeffrey L. Moyer, Esquire  *VIA ELECTRONIC MAIL*
Kelly E. Farnan, Esquire
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE  19801
*Attorneys for Time Warner Cable Inc., Bright House Networks, LLC and Insight Communications Company, Inc.*

| | |
|---|---|
| David S. Benyacar, Esquire<br>Daniel L. Reisner, Esquire<br>KAYE SCHOLER LLP<br>425 Park Avenue<br>New York, NY  10022<br>*Attorneys for Time Warner Cable Inc.* | *VIA ELECTRONIC MAIL* |
| Collins J. Seitz, Jr., Esquire<br>Chad S.C. Stover, Esquire<br>CONNOLLY BOVE LODGE AND HUTZ LLP<br>1007 North Orange Street<br>Wilmington, DE  19801<br>*Attorneys for Vonage Holdings Corp.; Vonage America Inc. and Vonage Marketing LLC* | *VIA ELECTRONIC MAIL* |
| William F. Lee, Esquire<br>Michael J. Summersgill, Equire<br>WILMERHALE<br>60 State Street<br>Boston, MA  02109<br>*Attorneys for Vonage Holdings Corp.; Vonage America Inc. and Vonage Marketing LLC* | *VIA ELECTRONIC MAIL* |
| John M. Seaman, Esquire<br>ABRAMS & BAYLISS LLP<br>20 Montchanin Road<br>Suite 200<br>Wilmington, DE  19807<br>*Attorneys for RCN Corporation* | *VIA ELECTRONIC MAIL* |
| Richard P. Gilly, Esquire<br>Rhett E. Petcher, Esquire<br>SEYFARTH SHAW LLP<br>975 F Street, N.W.<br>Washington, DC  20004<br>*Attorneys for RCN Corporation* | *VIA ELECTRONIC MAIL* |

*/s/ Jack B. Blumenfeld*

---
Jack B. Blumenfeld (#1014)