# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CERES COMMUNICATION TECHNOLOGIES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 10-855-JCJ |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| 8X8, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## AT&T INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS CERES' CLAIMS OF DIRECT INFRINGEMENT

OF COUNSEL:

Adam V. Floyd
Arthur Gollwitzer II
Joseph D. Gray
F&B LLP
5113 Southwest Parkway, Suite 140
Austin, TX
Tel:  512-681-1500

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant AT&T Inc.*

Dated:  February 7, 2011
999930 / 36304

## <u>TABLE OF CONTENTS</u>

I.  INTRODUCTION AND SUMMARY OF ARGUMENT.....................................................1

II.  ARGUMENT ...............................................................................................................3

    A.  Ceres Fails To Plead Facts That Would Entitle It to Past Damages Against AT&T And Therefore Fails To State A Claim Upon Which Relief Can Be Granted ...............................................................................................................3

    B.  Ceres Relies on a Factual Assertion, Untied to Any Complaint Allegation, in an Attempt to Circumvent Pleading Requirements .........................................6

III.  CONCLUSION ............................................................................................................7

# TABLE OF AUTHORITIES

CASES

**Page(s)**

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.,*
  24 F.3d 178 (Fed. Cir. 1994)..............................................................................4

*Ashcroft v. Iqbal,*
  129 S. Ct. 1937 (2009)....................................................................................1, 5

*Bell Atlantic Corp. v. Twombly,*
  127 S. Ct. 1955 (2007)........................................................................................5

*Eidos Commc'ns, LLC v. Skype Techs. SA,*
  C.A. No. 09-234-SLR, 2010 U.S. Dist. LEXIS 118774 (D. Del. Nov. 9, 2010)..............3, 4, 6

*In re Elonex Phase II Power Mgmt. Litig.,*
  C.A. No. 01-082-GMS, 2002 U.S. Dist. LEXIS 4706 (D. Del. 2002) ....................................2

*Mallinckrodt Inc. v. E-Z-EM Inc.,*
  670 F. Supp. 2d 349 (D. Del. 2009).........................................................................4

*McZeal v. Sprint Nextel Corp.,*
  501 F.3d 1354 (Fed. Cir. 2007).........................................................................3, 4, 5

*S.O.I.T.E.C., Silicon On Insulator Techs., S.A. v. MEMC Electronic Materials, Inc.,*
  C.A. No. 08-292-SLR, 2009 U.S. Dist. LEXIS 13155 (D. Del. Feb. 20, 2009)......................4

STATUTES & RULES

35 U.S.C. § 287..............................................................................................1, 2, 4, 6

Fed. R. Civ. P. 8(a)(2)..............................................................................................5

Fed. R. Civ. P. 12(b)(6)...........................................................................................1, 7

I.       **INTRODUCTION AND SUMMARY OF ARGUMENT**

In opposing AT&T's motion to dismiss, Plaintiff Ceres Communication Technologies LLC ("Ceres") fails to address the only legal issue before the Court and instead relies on a factual argument unrelated to any allegation in its First Amended Complaint ("Complaint"). Ceres misstates its pleading requirements in this case and attempts to rely on facts outside of its Complaint to avoid dismissal.  Nevertheless, Ceres has failed to plead a set of facts under which it would be entitled to any relief from AT&T.  Accordingly, the Court should dismiss Ceres' claim against AT&T pursuant to Rule 12(b)(6).

The undisputed facts are: (i) Ceres accuses only AT&T's *discontinued* CallVantage service of infringement; (ii) the only remedy potentially available to Ceres against AT&T is *past* monetary damages; and (iii) Ceres did not plead any facts related to the notice requirements of 35 U.S.C. § 287 (element (4) of Form 18).  Without pleading the facts necessary to recover past damages, Ceres' Complaint lacks a factual basis under which Ceres would be entitled to any relief from AT&T in this case.  The Supreme Court held in *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009) that pleading such a set of facts is a requirement to survive a motion to dismiss.

Ceres' factual argument—*i.e.,* that Ceres is not required to comply with the notice requirement because neither it nor any previous owner of the patent-in-suit ever manufactured products under the patent—lacks any basis in its Complaint.  D.I. 152 at 4.  Even assuming *arguendo* that Ceres' extraneous factual assertion is true, Ceres need only include a one-sentence

allegation in its Complaint to properly state a claim against AT&T.[1]  Because amending its

Complaint to add a single sentence would moot AT&T's motion, counsel for AT&T contacted

counsel for Ceres to request that Ceres voluntarily amend its Complaint. Ceres refused.  AT&T

thus requests that the Court order Ceres to amend its Complaint to state a viable claim against

AT&T.

Ceres' refusal to amend its Complaint emphasizes the importance of AT&T's motion to

dismiss because Ceres' new factual assertion conflicts with publicly-available information

regarding products sold by a previous owner of the patent-in-suit, Adaptive Networks.  That is,

AT&T has reason to believe that Adaptive Networks manufactured and sold unmarked products

under the patent.  If Adaptive Networks did manufacture or sell unmarked products, then the

notice provisions of section 287 bar recovery of past damages, and Ceres has no cause of action

against AT&T.  AT&T respectfully submits that if Ceres desires to maintain its case against

AT&T, the Court should order Ceres to amend its Complaint to state a claim against AT&T—if

it can do so in good faith.  Otherwise, the Court should dismiss Ceres' claim against AT&T with

prejudice.

---

[1] AT&T notes that Ceres' factual statements in its response brief are insufficient to entitle it to an exception to section 287's notice requirements.  That is, Ceres states that "Ceres and the previous assignors of the '527 patent did not manufacture any products covered by the claims of the patent" and "Ceres and the '527 patent's prior owner did not produce products under the '526 patent."  D.I. at 4.  Ceres must allege that neither it, nor any previous assignor *or licensee* ever manufactured, *offered for sale*, *or sold* any products under the patent.  *See In re Elonex Phase II Power Mgmt. Litig.*, C.A. No. 01-082-GMS, 2002 U.S. Dist. LEXIS 4706 at *8-9 (D. Del. 2002).  Ceres' response brief is suspiciously silent with respect to licensees and with respect to sales, and offers for sale, of covered products.

II.      **ARGUMENT**

A.      **Ceres Fails To Plead Facts That Would Entitle It To Past Damages Against AT&T And Therefore Fails To State A Claim Upon Which Relief Can Be Granted**

Ceres first attacks AT&T's statement of the pleading requirements for a direct infringement claim, arguing that it only has to put AT&T on notice as to what AT&T must defend. That is, Ceres challenges whether it must plead facts related to element (4) of Form 18 in order to state a claim against AT&T in this case. Ceres' argument, however, ignores that it must plead a set of facts under which it would be entitled to relief. In this case, Ceres' claim against AT&T is limited to past damages; therefore, Ceres must plead facts that would entitle it to recover past damages. Ceres' Complaint, however, fails to do so.

AT&T does not ask the Court to hold that, in every case for every defendant**,** a complaint must allege facts relating to every element of Form 18. And the Court need not do so to grant AT&T's motion. Rather, the more narrow issue before the Court is whether Ceres must allege facts relating to element (4) of Form 18 for its claim against AT&T *because* the only form of relief potentially available to Ceres is past damages.[2] Without such an allegation, Ceres' Complaint fails to state a claim upon which relief can be granted.

To grant AT&T's motion, the Court need only recognize this Court's precedent and the importance of Ceres accusing only a discontinued service of infringement. In *Eidos Commc'ns*, Judge Robinson explained that *McZeal* requires a patent infringement plaintiff to plead all elements of its claim consistent with Form 18—contrary to Ceres' explanation (D.I. 152 at 2-3):

> The Federal Circuit has held that the *Twombly* pleading standard is met by the sample complaint for patent infringement set forth by the Federal Rules of Civil Procedure Form 18 (2006). *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356-57 (Fed. Cir. 2007). That is, only the following is **required**:

---

[2] Verizon is the only other defendant similarly situated (*i.e.,* Ceres accuses only a discontinued product of infringement) and has filed a similar motion to dismiss. D.I. 106.

(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; **(4) a statement that the plaintiff has given the defendant notice of its infringement**; and (5) a demand for an injunction and damages. *Id.*

*Eidos Commc'ns, LLC v. Skype Techs. SA*, C.A. No. 09-234-SLR, 2010 U.S. Dist. LEXIS 118774, *5-6 (D. Del. Nov. 9, 2010) (emphasis added). Moreover, in a separate case, Judge Robinson recognized Form 18 as the baseline for patent infringement allegations, finding that "[t]he complaint at bar provides the level of detail suggested by Form 18 and, **therefore**, passes muster." *S.O.I.T.E.C., Silicon On Insulator Techs., S.A. v. MEMC Electronic Materials, Inc.*, C.A. No. 08-292-SLR, 2009 U.S. Dist. LEXIS 13155, *5 (D. Del. Feb. 20, 2009).

Ceres does not address either *Eidos or S.O.I.T.E.C.* in its opposition brief. Instead, Ceres addresses only two of AT&T's cited cases, disregards their discussions of Form 18, and highlights one common fact: that neither of the complaints at issue in *McZeal* and *Mallinckrodt* included an allegation related to element (4). D.I. 52 at 2-3. That single fact is true, but misses the point. Both of those cases involved infringement accusations related to ***ongoing*** products[3]— causes of action in which the plaintiff, even if past damages were not recoverable because it failed to comply with the notice requirements of section 287, would be entitled to damages from the filing of the complaint onward and/or an injunction.[4] *See McZeal*, 501 F.3d at 1357; *Mallinckrodt Inc. v. E-Z-EM Inc.*, 670 F. Supp. 2d 349, 353-54 (D. Del. 2009). In such a

---

[3] Moreover, *McZeal* involved a *pro se* plaintiff, and the Federal Circuit made clear that such a plaintiff must satisfy a "less demanding standard" than one represented by a lawyer and that the court may grant such a plaintiff "leeway on procedural matters, such as pleading requirements." *McZeal*, 501 F.3d at 1356.

[4] As explained in AT&T's opening brief, failure to provide notice as required by Section 287 only *limits* recoverable damages. That is, a patentee may still recover for periods *after* the infringer received notice of the patent or *after* the filing of the infringement complaint— assuming the infringement continued after such notice was provided. *See* 35 U.S.C. § 287; *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994).

4

situation, of course, the plaintiff need not be entitled to past damages in order to allege a set of

facts that would entitle it to *some* potential relief in the case. That is not the case for Ceres'

claim against AT&T, which is why Ceres must allege facts related to element (4) of Form 18 in

order to state a claim against AT&T in this case.

      Moreover, Ceres' characterization of the applicable pleading requirements is incomplete.

Ceres suggests that the standard it must satisfy is merely whether it has "plead[ed] facts

sufficient to place the alleged infringer on notice as to what he must defend." D.I. 152 at 2.

However, that is not the totality of the requirement. The Federal Circuit in *McZeal* cites the

Supreme Court in *Twombly*, which sets forth the complete inquiry under Rule 8(a)(2):

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement
> of the claim **showing that the pleader is entitled to relief**," in order to "give the
> defendant fair notice of what the . . . claim is and the grounds upon which it
> rests."

*McZeal*, 501 F.3d at 1356 (citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007))

(emphasis added). This general Rule 8(a)(2) standard, combined with Form 18's specific

delineation of the requirements for a claim of direct infringement—both requiring Ceres to plead

a set of facts that would entitle it to relief—provide the appropriate standard for Ceres' claim

against AT&T in this case.

      AT&T respectfully submits that the Court should require Ceres to plead all five elements

of Form 18 and find that Ceres' Complaint does not state a direct infringement claim against

AT&T upon which relief can be granted. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1966 (2009)

("[T]he threshold requirement of Rule 8(a)(2) [is] that the [allegations] possess enough heft to

show that the pleader is entitled to relief." (internal quotations omitted)).

**B.      Ceres Relies On A Factual Assertion, Untied To Any Complaint Allegation, In An Attempt To Circumvent Pleading Requirements**

The necessity of pleading facts related to element (4) of Form 18 is especially important in this case because Ceres attempts to rely on facts outside of its Complaint to exempt itself from the notice provisions of section 287.  That is, Ceres argues that "Ceres and the previous assignors of the '526 patent did not manufacture any products covered by the claims of the patent and therefore had no duty to provide notice."  D.I. 152 at 4.

As an initial matter, the Court should not consider the veracity of Ceres' assertion on AT&T's motion to dismiss.  *See Eidos Commc'ns*, 2010 U.S. Dist. LEXIS at *2-3 ("In reviewing a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." (internal quotations omitted)).  Indeed, the lack of such an averment in Ceres' Complaint is precisely the reason this motion is before the Court.  If Ceres alleged in its Complaint that neither it nor any previous assignor *or licensee* of the patent ever manufactured *offered for sale*, *or sold* any product under the patent, AT&T's motion would be moot.  *See infra* footnote 1.  However, Ceres has not made that allegation, and even refuses to do so now.[5]

As AT&T argued in its opening brief, Ceres has not pleaded that any of the exceptions related to the recovery of past damages under section 287 apply in this case.  *See* D.I. 99 at 5, n.2.  In response, Ceres asserts that exceptions apply—but based on a qualified set of facts that appear only in its opposition brief.  *See* D.I. 152 at 3-4.  The Court should not permit Ceres to

---

[5] In its opposition brief, Ceres argues in the alternative that the Court should grant Ceres leave to amend its Complaint.  D.I. 152 at 5.  Because Ceres will not voluntarily amend its Complaint to state a claim against AT&T upon which relief can be granted, AT&T respectfully requests that the Court order Ceres to amend its Complaint, if it can do so, to include an unqualified allegation relating to element (4) of Form 18.

circumvent the pleading requirements by asserting extraneous facts in its opposition brief that it refuses to put in its Complaint.

Indeed, AT&T has reason to believe that a previous assignor of the patent—Adaptive Networks—*did* manufacture and sell products under the patent.  *See, e.g.,* Ex. A at 2, 4 (Adaptive Networks marketing brochure from 2001 advertising that its patented technology, including the patent-in-suit, have been implemented).  Regardless of the ultimate outcome of this disputed factual issue,[6] the Court should require Ceres to amend its Complaint to provide a threshold level of factual assertions that—if true—would entitle it to relief against AT&T in this case.

## III.        CONCLUSION

AT&T respectfully requests that the Court dismiss Ceres' direct infringement claim against AT&T pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:                                     By:  */s/ Richard L. Horwitz*
                                                        Richard L. Horwitz (#2246)
Adam V. Floyd                                       David E. Moore (#3983)
Arthur Gollwitzer II                                Hercules Plaza, 6th Floor
Joseph D. Gray                                      1313 N. Market Street
F&B LLP                                             Wilmington, Delaware 19801
5113 Southwest Parkway, Suite 140                   Tel:  (302) 984-6000
Austin, TX                                          rhorwitz@potteranderson.com
Tel:  512-681-1500                                  dmoore@potteranderson.com

Dated:  February 7, 2011
999930 / 36304                                  *Attorneys for Defendant AT&T Inc.*

---

[6] AT&T attaches Ex. A to illustrate the apparent fact that Ceres is not entitled to any relief against AT&T in this case and to highlight the need for the Court to require Ceres—if it can do so in good faith—to plead a complete set of facts that, if true, would entitle Ceres to relief from AT&T.  AT&T is not requesting that the Court resolve this factual dispute at this stage.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### <u>CERTIFICATE OF SERVICE</u>

      I, Richard L. Horwitz, hereby certify that on February 7, 2011, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

      I further certify that on February 7, 2011, the attached document was Electronically Mailed to the following person(s):

Richard D. Kirk
Stephen B. Brauerman
Bayard, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE 19899
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
*Attorneys for Plaintiff Ceres Communications Technologies, LLC*

Marc A. Fenster
Bruce D. Kuyper
Russ, August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025-1031
mfenster@raklaw.com
bkuyper@raklaw.com
*Attorneys for Plaintiff Ceres Communications Technologies, LLC*

Robert J. Crawford
Crawford Maunu PLLC
Intellectual Property Attorneys
1150 Northland Drive, Suite 100
Saint Paul, MN 55120
crawford@ip-firm.com
*Attorneys for Defendants 8x8, Inc. and OfficeMax Incorporated*

Kenneth R. Breitbeil
Mcfall, Breitbeil & Shults, P.C.
1250 Four Houston Center
1331 Lamar Street
Houston, TX 77010-3027
kbreitbeil@mcfall-law.com
*Attorneys for Defendants 8x8, Inc. and OfficeMax Incorporated*

Adam V. Floyd
Arthur Gollwitzer II
Joseph D. Gray
F&B LLP
5113 Southwest Parkway, Suite 140
Austin, TX  78735
Afloyd@fblawllp.com
Agollwitzer@fblawllp.com
Jgray@fblawllp.com
*Attorneys for Defendant AT&T*

Benjamin Hershkowitz
Charles J. Boudreau
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY  10166-0193
BHershkowitz@gibsondunn.com
cboudreau@gibsondunn.com
*Attorneys for Defendants CSC Holdings LLC*

Mitchell D. Lukin
Baker Botts L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, TX  77002-4995
Mitch.lukin@bakerbotts.com
*Attorneys for Defendant Atlantic Broadband
Finance, LLC*

Frederick L. Cottrell , III
Anne Shea Gaza
Richards, Layton & Finger, PA
One Rodney Square
920 N. King Street
Wilmington, DE 19801
cottrell@rlf.com
gaza@rlf.com
*Attorneys for Defendants CSC Holdings LLC*

Steven J. Balick
Lauren E. Maguire
Caroline Hong
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899
sbalick@ashby-geddes.com
lmaguire@ashby-geddes.com
chong@ashby-geddes.com
*Attorneys for Defendants Atlantic Broadband
Finance, LLC, Charter Communications
Holding Company, LLC, Charter
Communications, Inc. and Mediacom
Broadband LLC*

Jeffrey L. Moyer
Kelly E. Farnan
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE  19801
Moyer@rlf.com
Farnan@rlf.com
*Attorneys for Defendants Bright House
Networks, LLC, Insight Communications
Company, Inc. and
Time Warner Cable Inc.*

Jeffrey H. Dean
Kevin D. Hogg
Scott Sanderson
Sarah J. Kalemeris
Marshall, Gerstein & Borun LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL  60606-6357
jdean@marshallip.com
khogg@marshallip.com
ssanderson@marshallip.com
skalemeris@marshallip.com
*Attorneys for Defendants Charter*
*Communications, Inc.*

Jack B. Blumenfeld
Paul Saindon
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
Wilmington, DE 19899
jblumenfeld@mnat.com
psaindon@mnat.com
*Attorneys for Defendants Comcast*
*Corporation, Cox Communications, Inc.*
*Knology, Inc., Skype Inc. and Skype Global*
*S.à.r.l.*

Vaibhav P. Kadaba
Mitchell G. Stockwell
Wilson L. White
Taylor Higgins Ludlam
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 1100
Atlanta, GA  30309
WKadaba@KilpatrickStockton.com
mstockwell@kilpatrickstockton.com
wwhite@kilpatrickstockton.com
TaLudlam@KilpatrickStockton.com
*Attorneys for Defendant Cox Communications,*
*Inc.*

Patrick J. Flinn
Angela Payne-James
Matthew W. Howell
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA  30309-3449
patrick.flinn@alston.com
angela.james@alston.com
matthew.howell@alston.com
*Attorneys for Defendant Knology, Inc.*

Mitchell D. Lukin
Baker Botts LLP One Shell Plaza
910 Louisiana Street
Houston, TX  77002-4995
Mitch.lukin@bakerbotts.com
*Attorneys for Defendant Mediacom Broadband*
*LLC*

John M. Seaman
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807
seaman@abramsbayliss.com
*Attorneys for Defendant RCN Corporation*

Rhett E. Petcher
Richard P. Gilly
Seyfarth Shaw LLP
975 F Street, N.W.
Washington, DC  20004
rpetcher@seyfarth.com
rgilly@seyfarth.com
*Attorneys for Defendant RCN Corporation*

Henry B. Gutman
Kerry L. Konrad
Victor Cole
Simpson Thatcher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017-3954
hgutman@stblaw.com
kkonrad@stblaw.com
vcole@stblaw.com
*Attorneys for Defendants Skype Global S.à.r.l. and Skype Inc.*

David S. Benyacar
Daniel L. Reisner
Kaye Scholer LLP
425 Park Avenue
New York, NY  10022
dbenyacar@kayescholer.com
dreisner@kayescholer.com
*Attorneys for Defendant Time Warner Cable Inc.*

John C. Phillips , Jr.
Megan C. Haney
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pgslaw.com
mch@pgslaw.com
*Attorneys for Defendant Verizon Communications Inc.*

Charles B. Molster, III
Winston & Strawn LLP
1700 K Street, N.W.
Washington, DC  20006-3817
cmolster@winston.com
*Attorneys for Defendant Verizon Communications Inc.*

Monika M. Blacha
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL  60601-9703
mblacha@winston.com
*Attorneys for Defendant Verizon Communications Inc.*

Collins J. Seitz, Jr.
Chad S.C. Stover
Connolly Bove Lodge and Hutz LLP
1007 North Orange Street
Wilmington, DE  19801
cseitz@cblh.com
cstover@cblh.com
*Attorneys for Defendants Vonage Holdings Corp. Vonage America Inc. and Vonage Marketing LLC*

William F. Lee
Michael J. Summersgill
Jordan L. Hirsch
Leslie E. Stierman
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109
william.lee@wilmerhale.com
michael.summersgill@wilmerhale.com
Jordan.hirsch@wilmerhale.com
Leslie.stierman@wilmerhale.com
*Attorneys for Defendants Vonage Holdings Corp. Vonage America Inc. and Vonage Marketing LLC*

Grant K. Rowan
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue NW
Washington, DC  20006
Grant.rowan@wilmerhale.com
*Attorneys for Defendants Vonage Holdings*
*Corp. Vonage America Inc. and Vonage*
*Marketing LLC*

Laura A. Sheridan
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, NY  10022
Laura.sheridan@wilmerhale.com
*Attorneys for Defendants Vonage Holdings*
*Corp. Vonage America Inc. and Vonage*
*Marketing LLC*

By:   */s/ Richard L. Horwitz*
     Richard L. Horwitz
     David E. Moore
     POTTER ANDERSON & CORROON LLP
     Tel:  (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com

988687/36166/36190/36268/36304