IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Ceres Communications Technologies, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 10-855 (JCJ) |
| | ) | |
| 8x8, Inc., et al. | ) | |
| | ) | |
| Defendants. | ) | |

### COX COMMUNICATIONS, INC.'S [PROPOSED] AMENDED ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

Cox Communications, Inc. ("Cox") hereby responds to the allegations of Plaintiff's First Amended Complaint for Patent Infringement (the "Complaint") as follows:

### PARTIES

1.  Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and therefore denies those allegations.

2.  Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and therefore denies those allegations.

3.  Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint and therefore denies those allegations.

4.  Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint and therefore denies those allegations.

5. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint and therefore denies those allegations.

6. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint and therefore denies those allegations.

7. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint and therefore denies those allegations.

8. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint and therefore denies those allegations.

9. Cox admits the allegations of Paragraph 9 of the Complaint.

10. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint and therefore denies those allegations.

11. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint and therefore denies those allegations.

12. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint and therefore denies those allegations.

13. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint and therefore denies those allegations.

14. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint and therefore denies those allegations.

15. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint and therefore denies those allegations.

16. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint and therefore denies those allegations.

17. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint and therefore denies those allegations.

18. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint and therefore denies those allegations.

19. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint and therefore denies those allegations.

20. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint and therefore denies those allegations.

21. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint and therefore denies those allegations.

22. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint and therefore denies those allegations.

23. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint and therefore denies those allegations.

## JURISDICTION AND VENUE

24. Cox admits that Plaintiff purports to allege an action for patent infringement arising under the laws of the United States, 35 U.S.C. §§ 1, et. seq.. Cox also admits that subject matter jurisdiction over claims of patent infringement is proper under 28 U.S.C. §§ 1331 and 1338(a).

25. Cox admits that venue is proper within this district as to Cox and that Cox is subject to personal jurisdiction within this district. Cox denies that it has committed acts of patent infringement in this district or elsewhere. Cox is without knowledge or information sufficient to form a belief as to whether venue is proper or whether this Court has personal jurisdiction with respect to other defendants in this case and therefore denies those allegations. Cox denies all other allegations in Paragraph 25 of the Complaint.

## COUNT I
## (Infringement of U.S. Patent No. 5,774,526)

26. Cox admits that U.S. Patent No. 5,774,526 ("the '526 patent") entitled "Reconfigurable On-Demand Telephone and Data Line System" issued on June 30, 1998 and that a copy of what appears to be the '526 patent is attached as Exhibit A to the Complaint. Cox is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26 of the Complaint and therefore denies those allegations.

27. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint and therefore denies those allegations.

28. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint and therefore denies those allegations.

29. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint and therefore denies those allegations.

30. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint and therefore denies those allegations.

31. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint and therefore denies those allegations.

32. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint and therefore denies those allegations.

33. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the Complaint and therefore denies those allegations.

34. Cox admits that its Cox Digital Telephone service allows users to place calls to telephones or to receive telephone calls to telephone numbers over Cox's cable network. Cox expressly denies that it has committed or is continuing to commit any acts of infringement and denies the remaining allegations of Paragraph 34 of the Complaint.

35. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Complaint and therefore denies those allegations.

36. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the Complaint and therefore denies those allegations.

37. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Complaint and therefore denies those allegations.

38. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the Complaint and therefore denies those allegations.

39. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Complaint and therefore denies those allegations.

40. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the Complaint and therefore denies those allegations.

41. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Complaint and therefore denies those allegations.

42. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Complaint and therefore denies those allegations.

43. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the Complaint and therefore denies those allegations.

44. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the Complaint and therefore denies those allegations.

45. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the Complaint and therefore denies those allegations.

46. Cox denies the allegations of Paragraph 46 of the Complaint to the extent they are directed at Cox and expressly denies that Plaintiff has suffered or will suffer any

damages as result of any activities attributable to Cox. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 as to the other defendants and therefore denies those allegations.

47. Cox denies the allegations of Paragraph 47 of the Complaint to the extent they are directed at Cox and expressly denies that Plaintiff will suffer any harm as result of any activities attributable to Cox. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 as to the other defendants and therefore denies those allegations.

## PRAYER FOR RELIEF

Cox admits that Plaintiff is seeking the relief requested in the Prayer for Relief, but expressly denies that Plaintiff is entitled to the relief requested from Cox.

## AFFIRMATIVE DEFENSES

Cox alleges and asserts the following defenses in response to the allegations by Plaintiff, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Cox is not infringing and has not infringed any claim of the '526 patent, either literally or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff is estopped, by virtue of the prior art or the prosecution of the '526 patent from asserting infringement against Cox.

### FOURTH AFFIRMATIVE DEFENSE

4. Each claim of the '526 patent is invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and 112.

### FIFTH AFFIRMATIVE DEFENSE

5. The equitable doctrines of waiver, estoppel, and/or laches bar some or all of Plaintiff's claims for damages and other relief.

### SIXTH AFFIRMATIVE DEFENSE

6. To the extent Plaintiff failed to properly mark any of its relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Cox's actions allegedly infringed the '526 patent, Cox is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '526 patent.

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's claims for patent infringement against Cox are barred to the extent that any allegedly infringing products or components of allegedly infringing products and/or components used to deliver allegedly infringing serves are supplied, directly or indirectly, to Cox from or by Cox to an entity having an express or implied license to the '526 patent.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's claims for patent infringement against Cox are barred by the doctrine of patent exhaustion.

9. Cox reserves the right to supplement its defenses as the result of any information that it confirms or learns during the course of discovery in this matter.

9

## COUNTERCLAIMS

Defendant and Counterclaim Plaintiff Cox asserts the following Counterclaims against Plaintiff and Counterclaim Defendant Ceres Communications Technologies, LLC ("Ceres").

1. Cox seeks a declaration by the Court that the '526 patent is not infringed by Cox.

2. Cox seeks a declaration by the Court that the '526 patent is invalid.

## PARTIES, JURISDICTION AND VENUE

3. Cox incorporates by reference all of the allegations and averments of its Answer and Affirmative Defenses.

4. Cox Communications, Inc. is a Delaware Corporation, with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319.

5. On information and believe, Ceres Communications Technologies, LLC is a Delaware limited liability company with a principal place of business at 2961 Fontenay Road, Shaker Heights, Ohio 44120.

6. This is an action for declaratory judgment of invalidity and non-infringement of the '526 patent. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, et. seq. and the patent laws of the United States, Title 35 of the United States Code.

7. This Court has subject matter jurisdiction over these counterclaims under 28 U.S.C. §§ 1331 and 1338(a). Personal jurisdiction is proper over Ceres because Ceres has substantial and continuous contacts with this judicial district.

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND

9. Ceres claims to be the owner by assignment of all rights to recover for past and future acts of infringement of the '526 patent.

## COUNT I
### (Declaratory Judgment of Non-Infringement, 28 U.S.C. §§ 2201-2202)

10. Cox incorporates the allegations contained in Paragraphs 1-9 above, as though fully set forth herein.

11. Ceres alleges in this action that Cox has infringed and continues to infringe the '526 patent. Cox denies that it has infringed and denies that it continues to infringe any valid and/or enforceable claim of the '526 patent.

12. Accordingly, there is an actual, immediate, and justiciable controversy between Cox and Ceres as to non-infringement of the '526 patent.

13. Cox is entitled to a declaration by the Court that Cox has not infringe and is not infringing the '526 patent.

14. Cox is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT II
### (Declaratory Judgment of Invalidity and/or Unenforceability, 28 U.S.C. §§ 2201-2201)

15. Cox incorporates the allegations contained in Paragraphs 1-9 above, as though fully set forth herein.

16. Ceres has alleged in this action that Cox has infringed and continues to infringe the '526 patent. Cox denies these allegations, among other reasons, because the claims

11

of the '526 patent are invalid and/or unenforceable under the patent laws of the United States, including one or more provisions of 35 U.S.C. §§ 101, 102, 103, and 112.

17. Accordingly, there is an actual, immediate, and justiciable controversy between Cox and Ceres as to the invalidity and/or unenforceability of the '526 patent.

18. Cox is entitled to a declaration by the Court that the '526 patent is invalid and/or unenforceable.

19. Cox is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## JURY DEMAND

20. Cox demands trial by jury on all issues triable as of right by a jury.

**WHEREFORE**, Cox respectfully prays that the Court enter judgment:

a. Declaring that Cox has not infringed and is not infringing any valid claim of the '526 patent;

b. Declaring that the claims of the '526 patent are invalid;

c. Entering judgment in favor of Cox dismissing Plaintiff's Complaint with prejudice;

d. Declaring this an exceptional case under 35 U.S.C. § 285;

e. Awarding Cox its costs, including attorneys' fees, incurred in defending this action; and

f. Awarding Cox such other relief as the Court deems just and proper.

|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
|  | */s/ Jack B. Blumenfeld* |
|  | _____ |
| OF COUNSEL: | Jack B. Blumenfeld (#1014) |
|  | Rodger D. Smith II (#3778) |
| Mitchell G. Stockwell | 1201 North Market Street |
| Vaibhav P. Kadaba | P.O. Box 1347 |
| Joshua H. Lee | Wilmington, DE  19899 |
| Taylor Higgins Ludlam | (302) 658-9200 |
| KILPATRICK TOWNSEND & STOCKTON, LLP | jblumenfeld@mnat.com |
| 1100 Peachtree Street, Suite 2800 | rsmith@mnat.com |
| Atlanta, GA  30309 |  |
| (404) 815-6500 | *Attorneys for Cox Communications, Inc.* |
|  |  |
| October 7, 2011 |  |